SALEM MARINE SOCIETY *vs.* CITY OF SALEM.

Essex.   November 5, 1891. — January 7, 1892.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Tax — Exemption — Trustee — Salem Marine Society.*

The property held by the Salem Marine Society as trustee, under the St. of 1889, c. 410, "for the purpose of erecting and supporting a Bethel church in said Salem for the accommodation of seamen to have the Gospel preached to them," is not exempt from taxation under the Pub. Sts. c. 11, § 5, cl. 3, or cl. 7.

CONTRACT to recover $416.50, the amount of a tax assessed for the year 1890 upon certain real and personal estate, and paid under protest.   The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, in substance as follows.

The Salem Marine Society was incorporated in 1772, for the purpose of making navigation more safe for vessels sailing to and from that port, and of relieving the necessities of members and their families.   Henry Barr of Salem, by his will, gave the residue of his estate to the plaintiff society in trust for the purpose of " building, erecting, and supporting a Bethel church in Salem for the accommodation of seamen to have the Gospel preached to them," and by the St. of 1889, c. 410, the plaintiff society was authorized to accept the trust " for the purpose of erecting and supporting a Bethel church in said Salem for the accommodation of seamen to have the Gospel preached to them." The plaintiff society duly accepted the trust, and on or about August 5, 1889, was paid the sum of $25,217.87, the amount of such residue.   In January, 1890, the plaintiff purchased certain real estate, in Salem, using therefor a portion of the trust fund, and proceeded to erect thereon a building for the purpose named in the will, and on May 1 following the defendant assessed the tax in question upon the property thus held by the plaintiff. Religious services are held in this building upon each Sunday, which are attended by the seamen who from time to time come into the port of Salem, and such others as choose to attend, but the attendance of seamen is not large.   No part of this building

or of the real estate is occupied by the officers of the plaintiff society.

If, upon the foregoing facts, the property held by the plaintiff was exempt from taxation, judgment was to be entered for the plaintiff for the amount of the tax, with interest; otherwise, judgment was to be entered for the defendant.

*F. L. Evans,* for the defendant.

*H. P. Moulton,* for the plaintiff.

ALLEN, J. All property being taxable unless exempted by statute, the question is, Was the property in question so exempted ?

1. By Pub. Sts. c. 11, § 5, cl. 7, " houses of religious worship owned by a religious society, or held in trust for the use of religious organizations," are exempted. The real estate in question does not fall within either of these descriptions.

2. By § 5, cl. 3 of the same chapter, " the personal property of literary, benevolent, charitable, and scientific institutions incorporated within this Commonwealth, and the real estate belonging to such institutions, occupied by them or their officers for the purposes for which they were incorporated," are also exempted. If we assume that the plaintiff is a corporation of that kind, this property is not its property in the sense contemplated by the statute. The plaintiff holds the property merely as trustee, under a special act of the Legislature, (St. 1889, c. 410,) authorizing it to do so for purposes which of themselves do not exempt the property from taxation. If an individual were the trustee, of course there would be no exemption. When the plaintiff accepts the position of trustee, and holds property merely in trust for purposes which of themselves do not entitle the property to exemption from taxation, it stands in respect to such property no better than an individual trustee would stand. See *Trustees of Greene Foundation* v. *Boston,* 12 Cush. 54.

*Judgment for the defendant.*