NEW ENGLAND SANITARIUM *vs.* INHABITANTS OF STONEHAM.

Middlesex. January 6, 1919. — June 19, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* Exemption. *Corporation,* Charitable. *Words,* "Nervous diseases."

If the personal property and real estate of a charitable corporation is used and occupied by it for the treatment of persons, not indigent, who are suffering from mental or nervous diseases or weakness falling short of insanity and not necessarily finding their appropriate treatment in institutions where the insane are confined, said property is being used "for the treatment of mental or nervous diseases" within the meaning of those words as used in St. 1909, c. 490, Part I, § 5, cl. 3, as amended by St. 1914, c. 518, § 1, and is subject to taxation.

A charitable corporation in a catalogue stated as follows under the caption, "Diseases of the nervous system": "Among the cases successfully treated at this institution are disorders of the nervous system. The functional derangements such as nervous prostration, neurasthenia, and nerve exhaustion, have been treated with the best of results. All the life at the Sanitarium is adapted to the building up and reconstruction of the nervous system;" and, in another place in the catalogue, reference was made to the use of apparatus recognized as helpful, among other ends, to "resting tired nerves." *Held,* that the treatment thus described is "treatment of mental or nervous diseases" within the meaning of St. 1909, c. 490, § 5, cl. 3, as amended by St. 1914, c. 518, § 1.

CONTRACT for $2,829.25, the amount of taxes alleged to have been illegally assessed upon property of the plaintiff and paid by it under protest. Writ dated November 10, 1915.

The action was heard upon an agreed statement of facts by *Morton,* J., who, at the request of the parties and under St. 1917, c. 345, reported it without any decision to this court for determination.

R. L. c. 12, § 5, cl. 3, (St. 1909, c. 490, Part I, § 5, cl. 3,) as amended by St. 1914, c. 518, § 1, is as follows: "The personal property of literary, benevolent, charitable and scientific institutions and of temperance societies incorporated within this Commonwealth, the real estate owned and occupied by them or their officers for the purposes for which they are incorporated, and real estate purchased by them with the purpose of removal thereto, until such removal, but not for more than two years after such purchase. Such real or personal property shall not be exempt if

any of the income or profits of the business of such corporation is divided among the stockholders or members, or is used or appropriated for other than literary, educational, benevolent, charitable, scientific or religious purposes, nor shall it be exempt for any year in which such corporation wilfully omits to bring in to the assessors the list and statement required by section forty-one; nor shall the personal property or real estate owned by such institutions or corporations and occupied by them or any department thereof wholly or partly as and for an insane asylum, insane hospital, institution for the insane or for the treatment of mental or nervous diseases, be exempt from taxation unless at least one fourth of all property so occupied wholly or partly, on the basis of valuation thereof, and one fourth of the income of all trust and other funds and property held for the benefit of such asylum, hospital or institution and not actually occupied by it for such purposes, be used and expended entirely for the treatment, board, lodging or other direct benefit of indigent insane persons, or indigent persons in need of treatment for mental diseases, as resident patients, without any charge therefor to such persons either directly or indirectly."

*R. E. Buffum,* for the plaintiff.

*H. H. Richardson,* for the defendant.

RUGG, C. J. This is an action of contract to recover taxes alleged to have been illegally assessed upon the property of the plaintiff and to have been paid under protest. The taxes were assessed pursuant to St. 1914, c. 518. The constitutionality of that act has been upheld and its meaning to some extent has been decided in *Massachusetts General Hospital* v. *Belmont, post,* 190, argued after this case and just decided. That decision governs the case at bar in those particulars.

The plaintiff is a charitable corporation. *New England Sanitarium* v. *Stoneham,* 205 Mass. 335. It is not contended that the plaintiff treats or cares for insane persons or uses any part of its property for an insane hospital or asylum. Persons suffering from mental derangement are not admitted to it. The only point now to be considered is whether its real estate is occupied "wholly or partly . . . for the treatment of mental or nervous diseases" within the meaning of the statute. The context does not confine these words to the treatment of such persons as ordinarily are

found in insane asylums. The natural import of the words is to include those not rightly describable within the classification of inmates of insane hospitals and kindred institutions. Persons suffering from mental or nervous disorders or weakness falling short of insanity, and not necessarily finding their appropriate treatment in institutions where the insane are confined, are aptly described by the words of the statute. It is matter of common knowledge that there are many persons who suffer from nervous prostration and mental exhaustion. It seems manifest that the phrase of the statute interpreted according to its ordinary sense comprehends such people.

The case comes before us by report on a statement of agreed facts. The only facts bearing upon this precise point are certain statements contained in the plaintiff's catalogue or pamphlet, which confessedly describe correctly its institution and methods. It there is said, under the caption, "Diseases of the nervous system": "Among the cases successfully treated at this institution are disorders of the nervous system. The functional derangements such as nervous prostration, neurasthenia, and nerve exhaustion, have been treated with the best of results. All the life at the Sanitarium is adapted to the building up and reconstruction of the nervous system."

In another place reference is made to the use of apparatus recognized as helpful, among other ends, to "resting tired nerves."

Treatment of such persons by the plaintiff brings it within the descriptive words of the statute.

*Judgment for the defendant.*