ANIMAL RESCUE LEAGUE OF BOSTON *vs.* ASSESSORS OF BOURNE.

Suffolk. October 8, 1941. — November 25, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Tax*, Exemption; On real estate: exemption. *Trust*, Title of trustee, Charitable. *Corporation*, Charitable. *Real Property*, Ownership. *Words*, "Owner," "Owned."

Real estate, the title to which was in a charitable corporation as a trustee under a will for charitable purposes, was not "owned" by the corporation within § 5, Third, of G. L. (Ter. Ed.) c. 59, and was not exempt from taxation.

APPEAL from a decision by the Appellate Tax Board.

*E. B. Hanify*, (*A. G. Catheron* with him,) for the taxpayer.
*P. Nichols*, (*B. Morton* with him,) for the assessors.

RONAN, J. This is an appeal from a decision of the Appellate Tax Board denying a petition for the abatement of a tax, assessed in 1939, upon certain real estate which the taxpayer claims is exempt from taxation on the ground that it is owned and occupied by the appellant, a benevo-

lent and charitable corporation, for the purposes for which it is incorporated.

The present controversy is confined to the taxability of two parcels of land, i.e. Amrita Island, a parcel consisting of eight and one half acres upon which there are five large summer houses and some small buildings, and another parcel on the mainland with an area of nearly twelve and three quarters acres upon which there is a cottage which was formerly a boat house. This realty was a part of the property devised by the will of Esther M. Baxendale to a trustee, with directions to rent the houses on Amrita Island and to use the net rent, together with certain other income, for the purpose of conducting on the property during the summer a series of not less than ten high class free lectures upon five designated subjects. Lectures on the first subject were to deal with such subjects connected with religion, sociology and interracial brotherhood as would tend to remove points of difference between men of divergent creeds, races and social conditions and to accentuate conciliation and agreement among them. Among the remaining subjects were the encouraging of appreciation of animals, the promotion of their welfare and the fostering of the preservation and protection of birds and animals. The appellant is a benevolent and charitable corporation, incorporated for the purpose of establishing one or more refuges for suffering or homeless animals and any other charitable or benevolent acts for the welfare of animals. Title to the two parcels in question was acquired by the appellant upon its appointment as trustee under the will in 1934, and it has since acted in that capacity. Since 1936 the buildings on Amrita Island have been used for a month in the summer as a school for those engaged as field agents for animal welfare organizations and for those engaged in humane education in schools in the interests of animals. The work consists of lectures, conferences and discussions on various phases of animal life. During the summer session, the second parcel is used occasionally for demonstrating humane methods of trapping predatory animals. Lectures are given in the cottage on this parcel. Those attending the confer-

ences live upon the property, some in the cottages on Amrita Island and some in the last mentioned cottage, but the charge for room and board is less than the cost.

The appellant is not empowered by its charter to carry out the directions of the testatrix in reference to providing lectures of the first type on religious and sociological subjects, but is authorized by its charter to perform all the other provisions of the trust. The question presented is whether the appellant, admittedly a benevolent and charitable corporation, holding the title as trustee and occupying the premises in carrying out all the terms of the trust except the first one, and therefore for purposes the same as those enumerated in its charter, may be said to own and occupy the premises for the purposes for which it was incorporated under G. L. (Ter. Ed.) c. 59, § 5, Third, and so to be entitled to an exemption from taxation.

All property is benefited by the security and protection furnished by the State, and it is only just and equitable that expenses incurred in the operation and maintenance of government should be fairly apportioned upon the property of all. An exemption from taxation releases property from this obligation to bear its share of the cost of government and serves to disturb, to some extent, that equality in the distribution of this common burden upon all property which is the object and aim of every just system of taxation. While reasonable exemptions based upon various grounds of public policy are permissible, yet taxation is the general rule. *Opinion of the Justices*, 270 Mass. 593. *Assessors of Quincy* v. *Cunningham Foundation*, 305 Mass. 411. It is for this reason that statutes granting exemptions from taxation are strictly construed. A taxpayer is not entitled to an exemption unless he shows that he comes within either the express words or the necessary implication of some statute conferring this privilege upon him. *Milford* v. *County Commissioners*, 213 Mass. 162. *William T. Stead Memorial Center of New York* v. *Wareham*, 299 Mass. 235. *Commissioner of Corporations & Taxation* v. *Bristol County Kennel Club, Inc.* 301 Mass. 27.

The first requisite for an exemption under the instant

statute is ownership of the premises. The term "owner" as it appears in various statutes has been frequently defined by this court. The word is one of flexible meaning depending upon the other language of the particular statute in which it is employed and the purpose and aim of the statute. It varies from an absolute proprietary interest to a mere possessory right. In some instances, it connotes a general property right, and in others a somewhat tenuous interest. *Rogers* v. *Rutter*, 11 Gray, 410. *Hawkins* v. *County Commissioners*, 2 Allen, 254. *Hillis* v. *O'Keefe*, 189 Mass. 139. *Moran* v. *Gallagher*, 199 Mass. 486. *Rogers* v. *Lynn*, 200 Mass. 354. *Webber Lumber & Supply Co.* v. *Erickson*, 216 Mass. 81. *Downey* v. *Bay State Street Railway*, 225 Mass. 281. *Hurnanen* v. *Nicksa*, 228 Mass. 346. *Opinion of the Justices*, 234 Mass. 597. *Squires* v. *Fraska*, 301 Mass. 474. *Boston* v. *A. W. Perry, Inc.* 304 Mass. 18. The mere definition of a word having such a broad significance is of little aid in determining what particular meaning the Legislature intended it should have in the enactment of the statute in question. Of course, it may be generally said that one holding title to land as a trustee under a will is its owner. *Shephard* v. *Creamer*, 160 Mass. 496. *Curry* v. *Dorr*, 210 Mass. 430. *Gardiner* v. *Rogers*, 267 Mass. 274. Under the statute G. L. (Ter. Ed.) c. 59, § 11, authorizing the assessment of taxes on real estate to the owner or in some instances to the one in possession, it has been decided that one holding title as trustee is the owner. *Richardson* v. *Boston*, 148 Mass. 508. *Dunham* v. *Lowell*, 200 Mass. 468. *Lowell* v. *Lowell Building Corp.* 309 Mass. 165. Such a statute furnishes a convenient and practical guide to the taxing authorities in the assessment of taxes. It was under this statute that the tax now challenged was assessed.

The taxpayer does not complain because the tax was assessed to it as the owner, but contends that, because it was the owner, no tax ought to have been assessed; that the nature and quality of the ownership which it possesses as trustee entitle it to an exemption from taxation. A person may make a conveyance or a devise to a charitable corporation either without any restrictions upon its use or

for some designated purpose within the chartered powers of the corporation, and in either case the corporation becomes the exclusive owner of the property. Its subsequent use of the property, however, would be confined in the first case to the purposes for which it was organized and in the second to the particular purpose for which the property was given. It is in this broad sense that it has been sometimes said that such a corporation holds its property in trust for its corporate purposes. *Glaser* v. *Congregation Kehillath Israel*, 263 Mass. 435, 439. *Greek Orthodox Community* v. *Malicourtis*, 267 Mass. 472. *St. Michael's Ukrainian Greek Catholic Church of Woonsocket* v. *St. Michael's Ukrainian Orthodox Church of Woonsocket*, 288 Mass. 258. *Smith* v. *Livermore*, 298 Mass. 223, 236. On the other hand, one may make a conveyance or devise in trust to a charitable corporation and, if accepted, the latter would be bound to use the property for the purpose in accordance with the terms of the trust. But there is a difference between an absolute transfer and one in trust to a charitable institution. In the former, the property becomes an asset of the corporation to be used in such manner as those in control of the corporation deem best for the accomplishment of the corporate purposes, while in the latter, the property is held by the corporation not as its own but in its capacity as a trustee and as an instrumentality of the settlor or testator in carrying out his directions in its use of the property. *Trustees of Phillips Academy* v. *King*, 12 Mass. 546. *Boston* v. *Dolan*, 298 Mass. 346, 349–352. *Greene* v. *Dennis*, 6 Conn. 292. *Trustees of South Newmarket Methodist Seminary* v. *Peaslee*, 15 N. H. 317. *Matter of Griffin*, 167 N. Y. 71. See 130 Am. L. R. 1101.

The taxpayer urges that it makes little practical difference whether the donor or testator gives absolutely or in trust to a charitable corporation, for in either case there are ample remedies to insure the utilization of the gift for the charitable purpose for which it was made. That may be true in various aspects relating to the administration of public charities. *Hubbard* v. *Worcester Art Museum*, 194 Mass. 280. *Read* v. *Willard Hospital*, 215 Mass. 132.

Even if the intent of the donor or testator might be fully realized by an absolute transfer or one in trust, we are not prepared to say that, if an absolute transfer would come within the statute granting an exemption, a transfer in trust would also necessarily come within the statute simply because the charitable intent is as fully carried out in one case as in the other. The statute makes no such provision. The real estate of an individual or a corporation that is owned and used for the dispensation of public charity is not exempt from taxation unless a statute so provides. *Redemptorist Fathers* v. *Boston*, 129 Mass. 178. *St. James Educational Institute* v. *Salem*, 153 Mass. 185. *Salem Lyceum* v. *Salem*, 154 Mass. 15. *Rice* v. *Bradford*, 180 Mass. 545. *Charlesbank Homes* v. *Boston*, 218 Mass. 14. *New England Sanitarium* v. *Stoneham*, 233 Mass. 171. *Assessors of Weston* v. *Trustees of Boston College*, 296 Mass. 399.

The statute, G. L. (Ter. Ed.) c. 59, § 5, Third, upon which the appellant relies, exempts the personal property of a charitable institution from taxation, and this has been held to include personal property owned by a corporation or held in trust for it. *Williston Seminary* v. *County Commissioners*, 147 Mass. 427. *Watson* v. *Boston*, 209 Mass. 18. *Little* v. *Newburyport*, 210 Mass. 414. The provision exempting personal property is broader than that exempting real estate owned and occupied by a charitable institution for its corporate purposes. A charitable institution as the beneficial owner of real estate does not enjoy the same exemption under said § 5, Third, as that given to it as the beneficial owner of personal property. *Assessors of Weston* v. *Trustees of Boston College*, 296 Mass. 399. Indeed, not only does this clause itself indicate a difference between property held in trust and that owned outright by a charitable institution, but the section in which it is contained makes a distinction between property held by an owner and that held by a trustee. The real estate and personal property belonging to or held in trust for the benefit of organizations of war veterans, the real estate owned by or held in trust for certain military units, personal property owned by or held in trust for religious organizations, and

houses of religious worship owned by or held in trust for the use of a religious organization, are granted an exemption. G. L. (Ter. Ed.) c. 59, § 5, Fifth, Sixth, Tenth, Eleventh. See also G. L. (Ter. Ed.) c. 59, § 3A. Moreover, the statute in its present or earlier form does not indicate any legislative intent to regard the charitable institution holding as trustee as the owner of the realty for the purpose of an exemption from taxation. *Salem Marine Society* v. *Salem,* 155 Mass. 329. *Bates* v. *Sharon,* 175 Mass. 293. The word "owned" having been frequently used in § 5 in a restricted sense, it is presumed to have been employed in the same sense wherever it appears in this section. *Gillen's Case,* 215 Mass. 96. *Gagnon's Case,* 228 Mass. 334. *Bay State Street Railway* v. *Woburn,* 232 Mass. 201. *Marcus* v. *Street Commissioners of Boston,* 252 Mass. 331. *Hood Rubber Co.* v. *Commissioner of Corporations & Taxation,* 268 Mass. 355. The statute, it is true, makes no express distinction between property "owned by" and held "in trust by," but the fact that a distinction was made between property "owned by" and held "in trust for" goes far toward precluding any implication that property held in trust by a charitable institution comes within the concept of ownership of real estate within the meaning of this statute. Even if an implication of doubtful import can be said to arise, that is an insufficient basis upon which to found a valid claim for a statutory exemption from taxation. *Boston Symphony Orchestra, Inc.* v. *Assessors of Boston,* 294 Mass. 248. *United States Trust Co. of New York* v. *Helvering,* 307 U. S. 57.

In *Salem Marine Society* v. *Salem,* 155 Mass. 329, it was held that a society organized under Prov. St. 1771–72, c. 21, (5 Prov. Laws, 179), to diffuse knowledge on navigating matters among its members and to furnish relief to members and their families in need of assistance, which, upon being authorized by St. 1889, c. 410, accepted a testamentary trust for the erection and maintenance of a church for the accommodation of seamen and procured a site and constructed a church, was not entitled to an exemption from taxation upon the church property. The

property did not come within Pub. Sts. c. 11, § 5, Seventh, as the society was not a religious organization and it did not hold the property in trust for such an organization. Neither did it come within Pub. Sts. c. 11, § 5, Third, as real estate "belonging to" a charitable institution and occupied for purposes for which the society was incorporated. It follows from this decision that a charitable institution cannot have an exemption upon real estate that it holds in trust but for a purpose other than that for which it was organized. This decision, we think, rests upon two grounds, each of which required the same conclusion: first, a testamentary trustee is not the owner of the land within the meaning of § 5, Third, and secondly, occupancy of the premises for the trust purposes where the institution is not incorporated for such purposes is not the occupancy that this clause requires for exemption. Concurrence of ownership of corporate property of the charitable institution and occupancy by it for its corporate purposes is required for an exemption from taxation upon real estate under § 5, Third. Under State constitutions and statutes exempting from taxation property belonging to a State it has been held that an ownership which does not comprise all the legal and equitable interests in the land was insufficient for an exemption, and likewise, that ownership as trustee was not the ownership necessary for an exemption. *People* v. *University of Illinois*, 357 Ill. 369. *Regents of Kansas State Agricultural College* v. *Hamilton*, 28 Kans. 376. *St. Louis* v. *Wenneker*, 145 Mo. 230. *Wenner* v. *Mothersead*, 129 Okla. 273. *State* v. *Commissioners of Beadle County*, 53 S. D. 609. *Spokane County* v. *Spokane*, 169 Wash. 355. *Seattle* v. *King County*, 3 Wash. (2d) 26. *Comstock* v. *Boyle*, 144 Wis. 180. *State* v. *Underwood*, 54 Wyo. 1. Cooley on Taxation (4th ed.) § 629. 61 C. J. 366.

We need not decide whether occupancy of the taxed premises for carrying out the provisions of the trust is an occupancy for the corporate purpose of a charitable institution.

The appellant does not show that it is entitled to any abatement, and the petition must be dismissed, with costs.

*So ordered.*