MASSACHUSETTS CHARITABLE MECHANIC ASSOCIATION *vs.*
IRA G. HERSEY & others, trustees, & another.

Suffolk.    May 10, 1945. — September 14, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Probate Court,* Jurisdiction, Equity proceeding.   *Equity Jurisdiction,*
Interpretation of written instrument.   *Words,* "Written instrument."

A petition in equity in a Probate Court, by which a corporation chartered
by special act of the Legislature sought in 1944 a determination of the
question whether a fund created by the corporation was still under
its control or under the control of certain trustees, appeared to be
based on the proposition that such determination should be governed
solely by an interpretation of the petitioner's statutory charter, and
therefore the petition was not within the jurisdiction of the court under
G. L. (Ter. Ed.) c. 215, § 6, as amended, and § 6B, since that charter
was not a "written instrument" within those sections.

PETITION IN EQUITY, filed in the Probate Court for the
county of Suffolk on July 8, 1944.

A demurrer by the Attorney General on the ground of
want of jurisdiction was sustained, and the petition was
dismissed, by *Mahoney,* J.   The petitioner appealed.

*A. L. Taylor,* (*B. Gilbert* with him,) for the petitioner.

*E. F. McClennen,* for the respondent trustees.

*C. A. Barnes,* Attorney General, & *H. D. Robinson,* As-
sistant Attorney General, (*J. J. Kelleher* with them,) sub-
mitted a brief.

LUMMUS, J.   This petition was brought in a Probate
Court on July 8, 1944.   Any jurisdiction in that court had
to be based upon G. L. (Ter. Ed.) c. 215, § 6, as amended,
giving to that court concurrent jurisdiction in equity "of
all cases and matters relative . . . to trusts created by will
or other written instrument."   *Jones* v. *Jones,* 297 Mass.
198, 203, 205.   *Lord* v. *Cummings,* 303 Mass. 457.   Only if
jurisdiction already exists under § 6 (*Wellesley College* v.
*Attorney General,* 313 Mass. 722, 731) can a Probate Court
exercise the power granted by § 6B (St. 1935, c. 247, § 1)

to make "binding determinations of right interpreting" a "written instrument," by way of declaratory decree.[1]

The petitioner, a charitable corporation (hereinafter called the association) chartered by special act of the Legislature, contends that the charity fund in controversy, created by the association, still forms part of its general assets subject to its corporate control for the purposes set forth in its statutory charter. It was held in *Wellesley College* v. *Attorney General*, 313 Mass. 722, 727, 728, that a statutory charter is not a "written instrument" within the meaning of § 6. To that extent, and to that extent only, we are bound by authority. The respondents, the trustees of the charity fund and the Attorney General, contend to the contrary that the charity fund is held by its individual trustees, not as officers or agents of the association, but independently of it, upon trusts to be determined by an interpretation of the written by-laws and recorded votes of the association by which the charity fund was created. That such by-laws and votes are not "written instruments" within § 6 was not decided in the *Wellesley College* case. Such by-laws and votes may well be classified with wills, or with deeds and indentures, rather than with the legislation of the sovereign held not to constitute a "written instrument" in that case. The same words "written instrument" in the grant of power to other courts to enter a declaratory judgment interpreting a "written instrument" pretty plainly include the written by-laws and recorded votes of a corporation or voluntary association.[2] And it may be thought unfortunate to interpret those words differently in two somewhat related statutes.

---

[1] See now G. L. (Ter. Ed.) c. 231A, as inserted by St. 1945, c. 582.

[2] G. L. (Ter. Ed.) c. 213, § 3, Tenth A. Equity Rule 36 (313 Mass. 787). Rule 101 of the Superior Court (1932). Rules of the Supreme Court (England) Order 54A. Borchard, Declaratory Judgments (2d ed. 1941) 220. *Mason* v. *Schuppisser*, 81 L. T. (N. S.) 147. *Evling* v. *Israel & Oppenheimer, Ltd.* 118 L. T. (N. S.) 99. *Morgan's Brewery Co.* v. *Crosskill*, [1902] 1 Ch. 898. *Cope* v. *Crossingham*, [1909] 2 Ch. 148. *Cyclists' Touring Club* v. *Hopkinson*, [1910] 1 Ch. 179. *In re Amalgamated Society of Railway Servants*, [1910] 2 Ch. 547. *Oram* v. *Hutt*, [1914] 1 Ch. 98. *In re William Thomas & Co. Ltd.* [1915] 1 Ch. 325. *In re National Union of Seamen*, [1929] 1 Ch. 216. Whether a statutory charter is a "written instrument" within such grant of power to other courts need not be decided in this case.

Assuming therefore that such by-laws and votes are "written instruments" within the meaning of § 6, then there can be jurisdiction in the Probate Court only if the trusts upon which the charity fund is held are those to be determined by an interpretation of those by-laws and votes. The petitioner does not seek such an interpretation, for the petition rests upon the proposition that the fund, if held upon any trust, properly so called, at all (*Animal Rescue League of Boston* v. *Assessors of Bourne*, 310 Mass. 330, 334), is held upon a trust the terms of which depend solely upon its statutory charter. In other words, the petitioner seeks nothing but a decision that if obtained would negate the very jurisdiction that the petitioner invokes. In substance, the decision sought by the petitioner would subordinate such by-laws and recorded votes to what it contends are the paramount provisions of the statutory charter, and make the interpretation of that charter, which is beyond the jurisdiction of the Probate Court under § 6, decisive of the controversy.

We think that the Probate Court was right in sustaining a demurrer on the ground of want of jurisdiction and dismissing the petition.

*Interlocutory decree sustaining demurrer affirmed.*
*Final decree dismissing petition affirmed.*