HENRY J. BURN *vs.* MARY L. McALLISTER & others.

Suffolk.    January 7, 1947. — October 28, 1947.

Present: LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Trust,* Appointment of trustee, Distribution of income. *Gift. Probate Court,* Jurisdiction, Parties.

Provisions of an instrument of trust placing common stock of a corporation in three trustees, one of whom was the settlor, to be dealt with according to written instructions of the settlor and so as to perpetuate the skilful management of the corporation, that action of the trustees "in all questions arising under" the trust was to be determined by a majority of them "except as to provisions where" the settlor "is to be the sole person determining said question," and that "Anything to the contrary notwithstanding in the event" the settlor "nominates in writing a person to fill the vacancy caused by his death, the remaining trustees shall appoint said person to fill the vacancy," did not make "adequate provision" under G. L. (Ter. Ed.) c. 203, § 5, "for filling" a vacancy caused by the death of the settlor where the settlor failed to make such a nomination; and the Probate Court had jurisdiction to make an appointment of a person other than one chosen by the remaining trustees.

The children of the settlor in an instrument of trust were interested parties, and their nominee in their behalf might maintain a petition under G. L. (Ter. Ed.) c. 203, § 5, for appointment as trustee to fill a vacancy, where the instrument of trust provided that the trustees "in their sole discretion may make monthly gifts" "from any income received by them as trustees" "to the family" of the settlor, "said family to include" his wife, "his children and any issue thereof," and that any "of the family of said" settlor "receiving said gifts shall be required to sign upon receipt of said gift a general release of any claims that said donee may have against any or all of said trustees. The gifts to be made by the trustees to" the settlor "and the family of" the settlor "may be made in such proportions as the trustees deem meet and in their discretion said trustees may make gifts to one or more of the above persons without making gifts to the other above named persons."

PETITION, filed in the Probate Court for the county of Suffolk on May 10, 1944, and afterwards amended.

The case came before this court on two appeals by the respondents, the first from an order by *Dillon*, J., overruling a demurrer by the respondents to the petition as amended, and the second from a final decree, entered after a hearing by *Dillon*, J., on the merits, granting the petition.

The trust instrument referred to in the opinion contained provisions as follows:

"4. Anything herein to the contrary notwithstanding, during the life of said Louis F. Buff, the trustees shall hold, sell, invest and reinvest the trust estate in accordance with his written instructions and shall vote any stock held by the trustees in accordance with the written instructions of said Louis F. Buff.

"5. The trustees in voting the stock of Buff & Buff Manufacturing Company at all times are to vote said stock, wherever votes are necessary, and/or wherever it is legally possible to vote said stock to perpetuate the skillful management of the Buff & Buff Manufacturing Company to limit the output of Buff & Buff Manufacturing Company to field instruments of engineers and to endeavor to elect directors of the Buff & Buff Manufacturing Company who shall have the intention to continue the skillful and honest management of the Buff & Buff Manufacturing Company and never to vote said stock to change the present purposes of the Buff & Buff Manufacturing Company.

"6. Any and all dividends received by said trustees from the Buff & Buff Manufacturing Company stock and other income shall be disposed of as the trustees in their sole discretion deem meet, it being the intention of the donor that said income shall be used primarily as a reserve to perpetuate the business of Buff & Buff Manufacturing Company and the trustees in their discretion may advance money to the Buff & Buff Manufacturing Company for any plant improvements and for such other requirements as the Buff & Buff Manufacturing Company may require from time to time and the trustees in their sole discretion may make monthly gifts to Louis F. Buff and to the family of

said Louis F. Buff, said family to include the wife of Louis F. Buff, his children and any issue thereof, from any income received by them as trustees. Any of the family of said Louis F. Buff receiving said gifts shall be required to sign upon receipt of said gift a general release of any claims that said donee may have against any or all of said trustees. The gifts to be made by the trustees to Louis F. Buff and the family of Louis F. Buff may be made in such proportions as the trustees deem meet and in their discretion said trustees may make gifts to one or more of the above persons without making gifts to the other above named persons.

"7. The trustees may receive reasonable compensation for their services, the amount of said reasonable compensation shall be determined as long as said Louis F. Buff is alive by said Louis F. Buff and at his death shall be determined by the majority of said trustees.

"8. In all questions arising under this trust the majority of the trustees shall determine the action of the trustees except as to provisions where Louis F. Buff is to be the sole person determining said question as provided by this indenture.

"9. Any trustee may resign by giving to the remaining trustees notice of his intention to resign ten (10) days before said resignation shall take effect.

"10. Anything to the contrary notwithstanding in the event Louis F. Buff nominates in writing a person to fill the vacancy caused by his death, the remaining trustees shall appoint said person to fill the vacancy caused by the death of Louis F. Buff.

"11. This trust shall continue until the death of the longest liver of Mrs. Buff and the now living children of the donor.

"12. At the death of the longest liver of the persons named in the preceding paragraph this trust shall cease and all the assets of this trust shall be transferred to a corporation to then be organized by the trustees free and clear of all trusts and the stock of said corporation shall be divided equally among the three trustees at said time.

"13. This trust shall be irrevocable."

It appeared that Louis F. Buff died on August 29, 1941, and that, on September 12, 1941, the respondents Henry A. Buff and Mary L. McAllister, surviving trustees, purporting to act under the trust instrument, appointed William J. Buff as trustee to fill the vacancy in the trusteeship so caused.

*D. L. Ley, (Elliott V. Grabill* with him,) for the respondents.

*C. P. Bartlett, (G. T. O'Hara with him,)* for the petitioner.

LUMMUS, J. This is a petition for appointment as one of three trustees of a trust created by Louis F. Buff on December 28, 1935. After hearing, the Probate Court granted the petition and appointed the petitioner. The other trustees and the Buff & Buff Manufacturing Company, which had been allowed to intervene, appealed.

On December 28, 1935, Louis F. Buff conveyed one hundred shares of the common stock of the Buff & Buff Manufacturing Company to himself, Mary L. McAllister and Henry A. Buff as trustees, to deal with the trust property according to the written instructions of Louis F. Buff, the dividends to be disposed of in the discretion of the trustees, they having discretion to make monthly gifts therefrom "to Louis F. Buff and to the family of said Louis F. Buff, said family to include the wife of Louis F. Buff, his children and any issue thereof." The trust was to "continue until the death of the longest liver of Mrs. Buff and the now living children of the donor," and then the trust property was to be transferred to a corporation to be organized by the trustees and the stock of the corporation was to be divided "equally among the three trustees at said time."

Louis F. Buff is now deceased. The petitioner, Henry J. Burn, is the husband of one of his daughters. The trust instrument provided as follows: "Anything to the contrary notwithstanding in the event Louis F. Buff nominates in writing a person to fill the vacancy caused by his death, the remaining trustees shall appoint said person to fill the vacancy caused by the death of Louis F. Buff." Louis F. Buff, on December 28, 1925, had made in his own handwriting an entry in a small note book reading as follows: "W. J. B. [William J. Buff] is only one with Miss M. [McAllister] who can conduct business & they must not

be hampered in any way." Rightly it is not argued that that entry, made ten years before the making of the trust instrument, was a nomination. Yet the only power vested in the remaining trustees to appoint a successor to Louis F. Buff was dependent upon a nomination in writing by Louis F. Buff. In the absence of such a nomination, only the courts had power to appoint a successor trustee.

The first question relates to the jurisdiction of the Probate Court. We do not need to refer to the jurisdiction of that court under its broader equity powers. G. L. (Ter. Ed.) c. 215, § 6, as amended. *Massachusetts Charitable Mechanic Association* v. *Hersey*, 318 Mass. 518. By G. L. (Ter. Ed.) c. 203, § 5, where "no adequate provision for filling the vacancy is made" in a written instrument a trustee under which has died, "the probate court" is empowered to "appoint a new trustee to act solely or jointly with the others as the case may be."

The only ground of the demurrer of the respondents, not covered by what has been said, is that the "petitioner is not shown to be a party interested." The petitioner Henry J. Burn petitioned for appointment as trustee at the request of children of Louis F. Buff, to whom the trustees were empowered by the trust instrument to make "gifts" from income. We do not agree with the contention of the respondents that the word "gifts" indicates that they were to be pure gratuities from an absolute owner. On the contrary, we think that the children of Louis F. Buff had rights to have the trustees use their discretion in the distribution of income. See *Wilson* v. *Wilson*, 145 Mass. 490; *Corkery* v. *Dorsey*, 223 Mass. 97, 101. Henry J. Burn properly petitioned in the right of the assenting children of Louis F. Buff.

On the merits, we think there was no error in the decree appointing Henry J. Burn as successor trustee. The judge was not required to find laches upon the facts of this case.

Costs and expenses payable out of the trust estate may be awarded to either party or both parties or their counsel in the discretion of the Probate Court.

*Decree overruling demurrer affirmed.*
*Decree appointing successor trustee affirmed.*