HELEN SYLVESTER & others *vs.* ASSESSORS OF BRAINTREE.

Suffolk.   February 8, 1962. — May 4, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Taxation,* Real estate tax: exemption.

G. L. c. 59, § 5, Seventeenth, as amended through St. 1954, c. 351, exempting from local taxation real estate to the value of $2,000 "of any minor whose father is deceased, occupied by such . . . minor as . . . his domicile," affords one exemption only for real estate owned and occupied as their domicil by two or more such minors.

APPEAL from a decision by the Appellate Tax Board.

*George H. Mitchell,* for the taxpayers.

*Richard A. Hunt,* Town Counsel, for the Assessors of Braintree.

WILKINS, C.J.   The taxpayers, three minors, appeal by their mother and next friend from a decision of the Appellate Tax Board upholding the denial by the appellee board of assessors of Braintree of their application for the further abatement of real estate taxes for 1959 and 1960. G. L. c. 58A, § 13, as amended.

The issue is whether under G. L. c. 59, § 5, Seventeenth (as amended through St. 1954, c. 351), the exemption on real estate owned by the taxpayers as tenants in common and occupied by them as their joint domicil is limited to the value of $2,000 or whether each of the three minor coöwners is entitled to an exemption in that amount, making a total exemption of $6,000.   Clause Seventeenth provides for an exemption of ''real estate, to the value of two thousand dollars, of a widow, or of any minor whose father is deceased, occupied by such widow, or minor as her or his domicile . . . provided, that the whole estate, real and personal, of such widow . . . or minor does not exceed in value the sum of eight thousand dollars . . . .''   The appellants fall within the factual requirements of the statute.

The mother of the appellants took title to the real estate on October 16, 1958. She was then a widow and entitled to an exemption under the same clause. In November, 1958, the mother without consideration conveyed to her three children.

The Appellate Tax Board stated in its decision, ''It is our opinion that in a case where real estate is owned by more than one minor, each of whom meets the requirements for exemption of such real estate as set forth in said G. L. c. 59, § 5, Seventeenth, the Legislature, nevertheless intended that such real estate should have the benefit of only one exemption.''

The board noted that, when the Legislature intended to grant two exemptions with regard to the same real estate, it provided for the additional exemption in plain terms. Reference was made to § 5, Twenty-Second (as amended through St. 1958, c. 282, § 1), which exempts in stated amounts the real estate of a soldier or sailor occupied as a domicil, and provides that, if the spouse of a soldier or sailor ''is also a soldier or sailor, each shall receive the amount of the exemption provided in this clause to the same extent as if unmarried . . . .'' The board further noted that clause Seventeenth was amended by St. 1935, c. 294, by striking out the words, ''whether such property be owned by such persons separately, or jointly, or as tenants in common.'' The 1935 amendment also added the qualifying phrase, ''occupied by such widow . . . or minor as her or his domicile . . . .''[1] We are of opinion that these changes were intended to limit the exemptions to one for the real estate, regardless of how many taxpayers who are coöwners are domiciled there.

We agree with the Appellate Tax Board. Taxation is the general rule, and exemption is the exception. *Animal Rescue League of Boston* v. *Assessors of Bourne,* 310 Mass. 330, 332. Exemption from taxation is a matter of special

---

[1] Prior to 1935, the clause read: ''Property, to the amount of two thousand dollars, of a widow . . . or of any minor whose father is deceased . . . whether such property be owned by such persons separately, or jointly, or as tenants in common . . . .'' G. L. (Ter. Ed.) c. 59, § 5, Seventeenth.

favor or grace, and will be recognized only where the property falls clearly and unmistakably within the express words of a legislative command. *Boston Chamber of Commerce* v. *Assessors of Boston,* 315 Mass. 712, 716. *Massachusetts Medical Soc.* v. *Assessors of Boston,* 340 Mass. 327, 331. The burden is upon the taxpayer who claims it. *Assessors of Boston* v. *Garland Sch. of Home Making,* 296 Mass. 378, 384. *Boston Chamber of Commerce* v. *Assessors of Boston, supra,* 716. *Jacob's Pillow Dance Festival, Inc.* v. *Assessors of Becket,* 320 Mass. 311, 312–313.

*Decision affirmed.*