**Margit E. KLEIN**

v.

**Henry MAYO et al.**

**Civ. A. No. 73–3071–T.**

United States District Court,
D. Massachusetts.

Sept. 7, 1973.

Order Dec. 6, 1973.

Murray P. Reiser, Boston, Mass., for plaintiff.

Terrance O'Malley, Asst. Atty. Gen., Boston, Mass., for defendants.

Before CAMPBELL, Circuit Judge, JULIAN, Senior District Judge, and TAURO, District Judge.

## OPINION

PER CURIAM.

Plaintiff brings this action under 42 U.S.C. § 1983 for injunctive and declaratory relief, alleging that the operation of Mass.Gen.L. ch. 241, § 1, deprives her of rights guaranteed by the Fourteenth Amendment to the United States Constitution. Jurisdiction is conferred by 28 U.S.C. § 1343(3). A three-judge court was convened pursuant to 28 U.S.C. §§ 2281, 2284. The parties have submitted an Agreed Statement of Facts, and the matter was heard before the Court on the merits.

Plaintiff is estranged from her husband of thirteen years and after his refusal to leave their marital home, has left with their three minor children. Plaintiff has commenced proceedings for legal separation, and her husband is presently suing for divorce.[1]

The marital home was purchased in 1968, and is owned by plaintiff and her husband as tenants by the entirety. Now that plaintiff has physically separated from her husband, she is seeking partition of the marital residence. The defendants, probate court judges who have exclusive jurisdiction over petitions for partition of property (Mass.Gen.L. ch. 241, § 2), are precluded from granting plaintiff's request by Mass.Gen.L. ch. 241, § 1:

> Any person, except a tenant by the entirety, owning a present undivided legal estate in land, not subject to redemption, shall be entitled to have partition in the manner hereinafter provided.

Plaintiff, conceding the validity of a tenancy by the entirety as long as the parties are living together as husband and wife, Complaint ¶ 11, contends that because she is physically separated, chapter 241, § 1 unconstitutionally discriminates against her solely on the basis of her sex. She asserts:

> [T]hat the fact of the physical separation of a husband and wife should give the wife the absolute right to bring a petition in her own name only to partition the jointly-held premises. The husband should not be allowed to continue to exercise his exclusive right of possession and income after a separation. At that point, the wife should be entitled to the rights of any other joint tenant, i. e., the right to sever the tenancy and sell her interest.

Complaint ¶ 11.

Plaintiff further asserts that:

> [C]hapter 241, § 1 incorporates the false notion that men are better able to manage jointly-owned property than women and that they are entitled to superior rights with respect to such property. The statute invidiously discriminates against women in that they are not entitled to a partition of the jointly held premises as long as the marital relation endures.

Plaintiff's Memorandum, at 17.

Plaintiff thus presents us with a narrow issue, viz., whether chapter 241, § 1 establishes a classification which unconstitutionally deprives plaintiff of property rights solely on the basis of her sex.

It is clear that on its face, chapter 241, § 1 makes no classification based on sex. As plaintiff concedes (Plaintiff's Memorandum, at 17) neither husband nor wife is permitted to partition

---

1. A decree of legal separation would not affect the validity of the marriage and thus would not terminate the tenancy by the entirety; divorce would, however, terminate the tenancy. Campagna v. Campagna, 337 Mass. 599, 605, 150 N.E.2d 699, 703 (1958).

property held in tenancy by the entirety. The only classification made by chapter 241, § 1 is the singling out of tenants by the entirety from all other tenants in joint ownership. Plaintiff, however, does not challenge this aspect of the statute. Further, the legitimate state interests in preserving the right of survivorship of each spouse during marriage, and maintaining the marital home intact, would support this separate treatment for tenancy by the entirety. Marriage has long been held to be a social relation clearly subject to state regulation. Maynard v. Hill, 125 U.S. 190, 8 S.Ct. 723, 31 L.Ed. 654 (1888); Loving v. Virginia, 388 U.S. 1, 7, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967); Boddie v. Connecticut, 401 U.S. 371, 376, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

■ Plaintiff apparently would have this Court look behind chapter 241, § 1 and declare it unconstitutional as applied because it serves to effectuate a common-law tenancy in which the husband's rights are paramount to the wife's. Plaintiff argues that, since the husband is entitled for the duration of the marriage to exclusive possession of the premises [2] as well as the rents and profits, see Childs v. Childs, 293 Mass. 67, 71, 199 N.E. 383, 386 (1936); Page v. Donnelly, 346 Mass. 768, 193 N.E.2d 682 (1963), the operation of chapter 241, § 1 works to his advantage and to her disadvantage.

■■ It is true that the only Massachusetts tenancy tailored exclusively for married persons appears to be balanced in favor of males. There is no equivalent female-biased tenancy, nor is there a "neutral" married persons' tenancy providing for indefeasible survivorship but not vesting paramount lifetime rights in the male. Married couples may, it is true, elect a joint tenancy, a tenancy in common, or a sole tenancy. However, the survivorship feature of a joint tenancy may be destroyed by partition. A wife who wants the security of indefeasible survivorship can achieve it only by means of a male-dominated tenancy.

But it does not follow that the plaintiff is therefore constitutionally entitled to partition. She is demanding, in effect, a joint tenancy, an option which, though perfectly open to herself and her husband when the present tenancy was entered into, was never in fact adopted. We cannot know to what extent, if any, the limited alternatives influenced their choice of tenancy.

■ The state does not compel husbands and wives to hold their property as tenants by the entirety. Undoubtedly, that choice is knowingly made in many instances despite or even, perhaps, because of its male oriented aspects. The choice would have been the same whether or not alternatives were available.

■ Plaintiff alleges that the down payment on the house in question "was provided by the proceeds of the sale of a previous home owned by the plaintiff and her husband", but does not state who paid for the previous home, nor who supplied the money to pay for the rest of the contested property. If we treat the wife as half-owner, we would, in effect, be forcing many husbands to make a gift [3] to their wives which they never had intended to make at the time the property was placed in their joint names as tenants by the entirety. While a husband has no right to an unconstitutional preference, he does have a right to refuse to bestow half his property on his wife.

---

2. It should be noted with respect to possession that a court having jurisdiction of a separate support or maintenance petition may, upon the making of certain findings and compliance with specified procedures, order either spouse to vacate the marital home for a period not exceeding sixty days. Mass.Gen.L. ch. 208, § 34B.

3. Actually, partition might involve treating the wife as owning only a small interest in the property, on the theory that the male-dominated tenancy was intended as a gift only of the indefeasible survivorship right.

Plaintiff and her husband contracted for a tenancy by the entirety, or at least accepted a deed conveying the property to them as tenants by the entirety. There is nothing to indicate that this was done involuntarily. The terms included the indefeasible right of survivorship. It is an incident of the tenancy which both parties plainly wanted.

The statute which is the subject of plaintiff's complaint deals solely with the right to partition, and that right is denied to both husbands and wives. The issue concerning right to possession and control is separate and distinct from that concerning the right to partition.

We are mindful that, in the future, certain common-law aspects of tenancy by the entirety may be subject to judicial review in the light of recent decisions concerning sex discrimination. *See., e. g.,* Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). We are mindful as well that such a challenge may or may not be met by the fact that tenancy by the entirety is but one option open to married persons, and is in no way compelled by the state.

An issue of such tremendous import and potentially wide-spread impact, including possible effect on past as well as future real property arrangements should be determined only when put squarely before us. This has not been done in the instant case.

Having determined that chapter 241, § 1 does not discriminate against plaintiff on the basis of her sex, it is ordered that the judgment be entered for the defendants.[4]

## ORDER

TAURO, District Judge.

Plaintiff's motion to amend was filed on November 12, 1973, approximately one month after the hearing in this case had been concluded. Insofar as the relief sought introduces issues beyond those which have been determined by the court's opinion dated December 6, 1973, said motion is denied because it is untimely.

---

4. Although the court ordered that plaintiff's husband be joined as a party defendant, he has yet to respond to plaintiff's amended complaint. Nonetheless, this decision is rendered despite his failure to appear since he is in no way adversely affected by its terms.