ANTHONY J. DeCENZO vs. BOARD OF ASSESSORS OF
FRAMINGHAM.

Suffolk.    February 8, 1977. — May 6, 1977.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Taxation,* Real estate tax: exemption.    *Real Property,* Tenancy by the
   entirety.    *Tenancy by the Entirety.*

A taxpayer was not precluded from receiving an exemption under G. L.
   c. 59, § 5, Twenty-second, by the fact that his wife, with whom he
   owned the real estate as tenants by the entirety, had received an ex-
   emption under § 5, Thirty-seven, for the same property. [524-527]

APPEAL from a decision of the Appellate Tax Board.

The case was submitted on briefs.

*Paul D. DeCenzo* for Anthony J. DeCenzo.

*Alden Seltzer* for the Board of Assessors of Framingham.

HENNESSEY, C.J.    The appellant, Anthony J. DeCenzo,
brings this appeal from a decision of the Appellate Tax
Board (board), which upheld the denial by the appellee,
board of assessors of Framingham (assessors), of his ap-
plication under G. L. c. 59, § 5, Twenty-second, for an ex-
emption from a 1973 real estate tax on his home in Fram-
ingham. We reverse.

On January 1, 1973, DeCenzo and his wife were the
owners, as tenants by the entirety, of a single family home
in Framingham occupied by them as their residence. The
assessors valued the property at $18,100 and assessed a
tax for 1973 of $923.10 to DeCenzo and his wife. The tax
was paid on October 15, 1973, and on that day, DeCenzo
made his application for an exemption under cl. Twenty-
second.[1]  The application was denied by the assessors be-

---

[1] General Laws c. 59, § 5, Twenty-second, as amended through St.
1971, c. 1110, § 2, provides in part: "Real estate of the following classes
of persons who are legal residents of the commonwealth and who are

cause DeCenzo's wife, who is a blind person, had received an exemption on the same property for the tax year 1973 under G. L. c. 59, § 5, Thirty-seven.[2]

That DeCenzo meets all necessary conditions for receiving a veterans' exemption under cl. Twenty-second is not disputed here. The sole issue before this court is whether DeCenzo is barred from receiving such an exemption because his wife, with whom he owned the property in question as tenants by the entirety, received a blind persons' exemption under cl. Thirty-seven for the same property.

We have been cited to no authority which controls the issue presented. The assessors rely on *Sylvester* v. *Assessors of Braintree*, 344 Mass. 263 (1962), to support their position. However, that case dealt with the availability of multiple exemptions under a single clause, G. L. c. 59, § 5, Seventeenth, and we relied heavily on the fact that where the Legislature intended to grant double exemption under

---

veterans ... and whose last discharge or release from the armed forces was under other than dishonorable conditions and who were domiciled in Massachusetts for at least six months prior to entering such service, or who have resided in the commonwealth for five consecutive years next prior to date of filing for exemptions under this clause ... provided such real estate is occupied in whole or in part as his domicile by such person ... [shall be exempt] to the amount of two thousand dollars or the sum of one hundred seventy-five dollars, whichever would result in an abatement of the greater amount of actual taxes due. No real estate shall be so exempt which the assessors shall adjudge has been conveyed to a soldier or sailor or to his wife, widow, father or mother to evade taxation. ... (c) Soldiers and sailors who have been awarded the decoration of the Purple Heart. ..."

[2] General Laws c. 59, § 5, Thirty-seven, as amended through St. 1973, c. 872, § 1, provides in part: "Real property, to the amount of five thousand dollars, or the sum of four hundred and thirty-seven dollars and fifty cents, whichever would result in an abatement of the greater amount of actual taxes due, of a blind person who is a legal resident of the commonwealth, whether such property is owned by him separately or jointly or as a tenant in common; provided, that such property is occupied by such person as his domicile. No real property shall be so exempt which has been conveyed to such blind person to evade taxation." This clause further provides that $4,000 of this exemption or the sum of $350, whichever figure is applicable, will be borne by the city or town, and the balance of the exemption will be borne by the Commonwealth.

the same clause, it expressly provided for such exemption. Compare G. L. c. 59, § 5, Twenty-second, with G. L. c. 59, § 5, Twenty-second E. *Sylvester* does not control the case now before us in which exemptions are sought on entirely different grounds under two separate clauses of § 5.

The preamble to § 5 reads as follows: "The following property shall be exempt from taxation; provided, however, that any person who receives an exemption under the provisions of clause ... Twenty-two ... [or] Thirty-seven ... shall not receive an exemption on the same property under any other provision of this section ...." G. L. c. 59, § 5, as amended by St. 1970, c. 270, § 1.[3] The issue thus becomes the meaning of the word "person" for the purposes of this statute.

The board has given us no guidance as to the reasons for its decision. The assessors argue that the taxpayer and his wife are essentially one person for tax purposes because they hold the property as tenants by the entirety, and the wife's exemption inured to the benefit of the taxpayer. We find no legislative intent so to limit exemption in the context presented by this case. The blind persons' exemption of cl. Thirty-seven is expressly applicable "whether such property is owned by ... [the blind person] separately or jointly or as a tenant in common ...."[4] This language supports the availability of the exemption to DeCenzo's wife regardless of the fact that she and her husband hold the property as tenants by the entirety. It would be a curious result indeed if eligibility for these exemptions was dependent on the order of application, and the language of cl. Thirty-seven suggests that DeCenzo's

---

[3] Subsequent amendments to this language were made after the tax year in question but do not affect the language quoted above.

[4] See *Sylvester* v. *Assessors of Braintree,* 344 Mass. 263, 264 (1962). A former version of the clause construed in that case had contained similar language to that quoted above. We relied on legislative amendment to delete such language from cl. Seventeenth to support our conclusion that the Legislature intended thereby to grant only a single exemption under that clause as amended.

wife would have been entitled to an exemption even if DeCenzo had been previously granted a veteran's exemption on the same property.

Prior to 1973, real property acquired by husband and wife either by devise or decree was deemed to be held by them as tenants by the entirety based on the old common law concept of the unity of husband and wife, unless the instrument expressly negated an intent to hold the property in that manner. See, e.g., *Fekkes* v. *Hughes,* 354 Mass. 303, 304 (1968); *Finn* v. *Finn,* 348 Mass. 443, 446 (1965); *Cummings* v. *Wajda,* 325 Mass. 242, 243 (1950). The presumption that husband and wife hold property as tenants by the entirety was reversed by a 1973 amendment to G. L. c. 184, § 7, St. 1973, c. 210, § 1, which made tenancies by the entirety merely one option available to married persons. See *D'Ercole* v. *D'Ercole,* 407 F. Supp. 1377 (D. Mass. 1976); *Klein* v. *Mayo,* 367 F. Supp. 583 (D. Mass. 1973), aff'd 416 U.S. 953 (1974). General Laws c. 184, § 7, as amended, severely limits the common law unity concept with respect to form of property ownership.[5]

While the DeCenzos hold the property in question as tenants by the entirety, we do not think that the Legislature intended such form of ownership to bar them from receiving both exemptions in this context. Such a result could be justified only by relying on the unity of husband and wife as one taxpayer, a result we decline to reach. There is nothing in § 5 which would compel a conclusion that the Legislature so intended.

We conclude that DeCenzo and his wife are entitled to receive the exemption for which each qualifies. We have

---

[5] General Laws c. 184, § 7, as amended, does not affect the attributes of the tenancy by the entirety, which under common law gives the husband paramount rights in the property during his lifetime. A special commission appointed pursuant to Res. 1975, c. 26, to study the impact of the then proposed, now enacted, equal rights amendment to art. 1 of the Declaration of Rights of the Massachusetts Constitution has recommended that tenancies by the entirety be abolished completely because of their discriminatory impact on women. Special Study Commission on the Equal Rights Amendment, First Interim Report 66-68 (1976).

in past decisions characterized the veterans' exemption as a "hardship" exemption, one based on the perceived special needs of the classes of veterans and veterans' families specified by cl. Twenty-second as entitled to exemption. See *Assessors of Saugus* v. *Baumann,* 370 Mass. 36, 36-37 (1976); *Assessors of Everett* v. *Formosi,* 349 Mass. 727, 730 (1965); *Opinion of the Justices,* 324 Mass. 724, 732 (1949). However, unlike the hardship exemption granted by G. L. c. 59, § 5, Eighteenth, the cl. Twenty-second exemption is not made a matter within the discretion of the assessors. See *Assessors of Saugus* v. *Baumann, supra.* The blind persons' exemption of cl. Thirty-seven is likewise predicated on the special hardship of such persons and is not a matter within the discretion of the assessors.

It follows that the decisions of the board and of the assessors must be reversed.

*So ordered.*