BOARD OF ASSESSORS OF SAUGUS *vs.* RALPH LEO
& another, trustees.

Suffolk.   January 3, 1973. — February 7, 1973.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Taxation,* Appellate Tax Board: transfer to formal procedure, infor-
mal procedure, report of findings, waiver, appeal to Supreme
Judicial Court. *Waiver. Constitutional Law,* Due process of law,
Equal protection of laws.

There was no error in the denial by the Appellate Tax Board of a
motion by the assessors, made more than ten days after the service
of a statement by the taxpayers electing the informal procedure
of G. L. c. 58A, § 7A, to transfer the case to the formal procedure.
[48–49]
The Appellate Tax Board did not, after a hearing held under the
informal procedure of G. L. c. 58A, § 7A, abuse its discretion by
denying the request of the assessors for a report of findings of
fact under G. L. c. 58A, § 13. [49–50]
An appeal to this court after an informal hearing under G. L. c. 58A,
§ 7A, before the Appellate Tax Board, which was not based upon
questions of law raised by the pleadings, an agreed statement of
facts, or a report of the Board, brought nothing to this court for
review. [50]

APPEAL from a decision of the Appellate Tax Board.

*Bradbury Gilbert,* Town Counsel (*David L. Taylor*
with him) for the Board of Assessors of Saugus.

*Harry M. Lack* for the taxpayers.

QUIRICO, J.   On January 27, 1971, Ralph Leo and
Jennie Leo (owners) filed with the Appellate Tax Board
(board) (a) a written statement requesting the abate-
ment of $4,576 in taxes on their real estate allegedly
assessed at $130,000 more than its fair cash value for the
year 1970, (b) an election to be heard under the informal
procedure permitted by G. L. c. 58A, § 7A, as amended
through St. 1945, c. 621, § 3, and (c) a written waiver,
required by § 7A, of their right of appeal to this court
except on "questions of law raised by the pleadings or by

an agreed statement of facts or shown by the report of the board." The case is before us on the appeal of the assessors from the decision of the board granting an abatement to the owners.

The election by the owners to be heard under the informal procedure and their accompanying limited waiver of their right to appeal to this court were not conclusive on the assessors. On January 28, 1971, a copy of the owners' statement under the informal procedure was served on the assessors by the clerk of the board as required by § 7A. The same statute further provides that "[i]f the assessed valuation of the property concerned exceeds twenty thousand dollars, the appellee [in this case the assessors], within ten days of the date of the service of such statement, may elect to have the appeal heard under the formal procedure by so notifying the clerk in writing and by paying to him a transfer fee of five dollars, in which case the said statement shall be considered to be a petition . . . [under the formal procedure provided by § 7] and the waiver of the right of appeal by the appellant [in this case the owners] shall be void. *If the appellee does not so transfer the case, the informal procedure shall be deemed to have been accepted and all right of appeal waived by the appellee, except upon questions of law raised by the pleadings or by an agreed statement of facts or shown by the report of the board"* (emphasis supplied). The assessors did not at any time notify the clerk of the board of their election to transfer the appeal from the informal to the formal procedure with the result that their right of appeal is limited to the narrow exceptions stated in the language quoted above from § 7A.

On April 30, 1971, the assessors filed a motion requesting that the appeal be transferred from the informal to the formal procedure without alleging any grounds or reasons therefor. The motion was heard and denied on May 3, 1971.[1] In argument before this court the asses-

---

[1] An examination of the transcript of the later hearing of the appeal on its merits indicates that counsel for the assessors took numerous exceptions to various rulings by the board member presiding. Without

sors suggested that the reason for the late request for
transfer was that on April 26, 1971, the owners had filed
a motion to amend their statement under the informal
procedure by increasing the amount of the alleged over-
valuation by the assessors from $130,000 to $217,300,
which motion the board allowed on May 3, 1971. It is not
contended by the assessors that their failure to exercise
their right of transfer in the first instance was in any
way related to or influenced by the original figure of
$130,000, and they state that in fact their failure was for
a different reason. Even if the owners had not increased
the amount of the alleged overvaluation, the applicable
statutes would not have precluded them from claiming,
or the board from finding, that the amount of the over-
valuation was more than $130,000. If we assume, but
without so deciding, that the board had the power to allow
the assessors' motion for late transfer of the appeal to the
formal procedure, the board was not required to do so.
The denial of the motion was not error.

Despite the denial of the motion, the hearing held by
the board on the merits of the appeal had many of the
attributes of a hearing customarily held under the formal
procedure; but this did not operate as a transfer of the
appeal to the formal procedure. Thereafter the board
decided that the property was overvalued by $167,300
and it ordered an abatement of $5,888.96, which amount
the town promptly refunded to the owners with interest.
The assessors then requested the board to make and re-
port its findings of fact. The board denied the request
"in accordance with § 13 of Chapter 58A, as amended."
There was no error. "[U]nder the informal procedure
the making of a report of findings of fact, although sea-
sonably requested, is discretionary with the board."
*Boston Five Cents Sav. Bank* v. *Assessors of Boston*, 317

---

deciding whether the taking of such an exception is necessary, we
note that it does not appear anywhere in the record before us that
the assessors excepted to the denial of this motion. Our decision
would be the same if the record disclosed such an exception.

Mass. 694, 701.   *Leen* v. *Assessors of Boston,* 345 Mass.
494, 497–498.

The assessors' appeal to this court seeks review of the
board's denial of the motion for transfer to the formal
procedure, of numerous rulings admitting or excluding
evidence, of the sufficiency of the evidence to support the
board's decision, and of the board's denial of the request
for a report of findings of fact.   After entry of the appeal
in the county court, the owners moved that it be dismissed
because (a) such an appeal did not lie after decision of a
case under the informal procedure, and (b) the case was
moot by reason of the town's payment to the owners of the
amount of tax abated.   The single justice reserved and
reported the motion for decision by the full court.

The brief filed by the assessors in this court attempts
to place before us arguments on all of the questions which
might have been subject to judicial review if the appeal
to the board had been under the formal procedure.   We
assume that they briefed the case in full in the hope or
expectation that they might prevail in their claim of error
in the board's denial of their motion for transfer to the
formal procedure.   We have held otherwise.   The value
of the property concerned exceeds $20,000 and the asses-
sors failed seasonably to elect to transfer the case to the
formal procedure.   Therefore, by operation of G. L.
c. 58A,  § 7A, they are deemed to have accepted the in-
formal procedure and to have waived all right of appeal
"except upon questions of law raised by the pleadings or
by an agreed statement of facts or shown by the report of
the board."   We have neither "an agreed statement of
facts" nor a "report of the board" in this case, and no
question of law is raised by the pleadings.   The denial
of the motion for transfer to the formal procedure pre-
sents no question of law raised by the pleadings.   *Cohen*
v. *Assessors of Boston,* 344 Mass. 268, 271.   "On such a
record there is nothing for this court to review."   *Milchen
Furniture Co. Inc.* v. *Assessors of Quincy,* 335 Mass. 766.
*Leen* v. *Assessors of Boston,* 345 Mass. 494, 499.   *Wein-
feld* v. *Assessors of Hull,* 354 Mass. 760.

Since our holding above requires that the decision of the board be affirmed, it is unnecessary to consider or decide whether the case became moot upon the town's repayment of the tax abated.

One of the arguments which the assessors sought to place before us by their brief is that the board's "arbitrary" denial of the motion to transfer the case to the formal procedure is a "denial of the constitutional rights of other taxpayers of the town of Saugus as represented by said assessors" to due process and equal protection of the laws under the Fourteenth Amendment to the United States Constitution. Although, for reasons already stated, this argument may not be properly before us, we feel constrained to comment on it briefly.

There is nothing in the record to warrant an inference or conclusion that the board's denial of the motion was arbitrary. Neither is there anything to support the argument that in this case the assessors are representing any taxpayers of the town of Saugus. They are in no position to rely on rights of taxpayers of the town.

If the right to proceed under the formal procedure in a tax appeal can be said to be a constitutional right, it is nonetheless one which a party can waive. It is not the law nor the board which deprived the assessors of the benefits of the formal procedure. It was their own election and waiver which limited them to the informal procedure. They are thus in the same position as a party who is held to have waived his right to trial by jury by reason of his conduct in failing to take action required by law or court rules in order to claim or preserve the right. Such a waiver may result, for example, from a litigant's choice of remedies, from his choice of courts, from his failure seasonably to claim trial by jury, or from his failure to insist on it again after an earlier claim with an intervening trial before a District Court or an auditor. *Foster* v. *Morse,* 132 Mass. 354, 355–356. *Citizens' Gas Light Co.* v. *Wakefield,* 161 Mass. 432, 439. *Higgins* v. *Boston Elev. Ry.* 214 Mass. 335, 336. *Fratantonio* v. *Atlantic Ref. Co.* 297 Mass. 21, 22–24, citing numerous

cases illustrating areas in which the Legislature may regulate the mode in which the constitutional right to trial by jury must be exercised without impairing the substance of the right.

In view of our disposition of this case, it becomes unnecessary for us to pass on the owners' motion to dismiss the appeal.

The decision of the board under the informal procedure is affirmed.

*So ordered.*