BOARD OF ASSESSORS OF SAUGUS *vs.* JAMES A. BAUMANN
& another.[1]

Suffolk.   February 4, 1976. — April 2, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN,
& WILKINS, JJ.

*Taxation,* Real estate tax: exemption; Appellate Tax Board: jurisdic-
tion.

The Appellate Tax Board had no jurisdiction over taxpayers' appeal
from a decision of assessors denying an application under G. L.
c. 59, § 5, Eighteenth, as amended, for exemption from taxation by
reason of age, infirmity and poverty; the remedy for any error of
law or abuse of discretion by the assessors was an action in the
nature of certiorari. [36-37]

APPEAL from a decision of the Appellate Tax Board.
*Bradbury Gilbert,* Town Counsel, for the Board of As-
sessors of Saugus.

BRAUCHER, J.   Under G. L. c. 59, § 5, Eighteenth, as
amended through St. 1965, c. 620, § 2, the following prop-
erty is exempted from taxation: "Any portion of the estates
of persons who by reason of age, infirmity and poverty are
in the judgment of the assessors unable to contribute fully
toward the public charges." The taxpayers applied for the
exemption and the assessors denied the application. On the
taxpayers' appeal, the Appellate Tax Board ruled that
the taxpayers were entitled to the exemption and granted an
abatement of tax. We hold that the board had no jurisdic-
tion over the case and order the taxpayers' appeal dis-
missed.

The exemption in question is based on hardship, as are
the exemptions in G. L. c. 59, § 5, Seventeenth and Twenty-
Second. *Opinion of the Justices,* 324 Mass. 724, 732 (1949).

[1] Mary T. Baumann.

A hardship abatement under cl. Eighteenth is a matter in the discretion of the assessors. *Gordon* v. *Sanderson,* 165 Mass. 375, 376 (1896). Perhaps for this reason, the board was granted jurisdiction of appeals under G. L. c. 59, § 5, Seventeenth and Twenty-Second, but the governing statute does not make similar mention of cl. Eighteenth. G. L. c. 58A, § 6. The board has no jurisdiction beyond that granted it by the Legislature. *Commissioner of Corps. & Taxation* v. *St. Botolph Club, Inc.,* 321 Mass. 269, 279 (1947). *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489, 498 (1936). If there is error of law or abuse of discretion and no other remedy is provided, the remedy is an action in the nature of certiorari. G. L. c. 249, § 4. See *Sears* v. *Assessors of Nahant,* 208 Mass. 208, 210 (1911). Cf. *Boston Edison Co.* v. *Selectmen of Concord,* 355 Mass. 79, 91 (1968); *Royalton College, Inc.* v. *State Bd. of Educ.,* 127 Vt. 436, 447-448 (1969).

The decision of the Appellate Tax Board is reversed and the case is remanded to the board. The taxpayers' appeal is to be dismissed.

*So ordered.*