HERMAN MURPHY *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another. March 14, 1977. The plaintiff was denied certain unemployment benefits under G. L. c. 151A, after proceedings before the board of review in the Division of Employment Security (division). He filed a petition for review in the District Court of Leominster, and the petition was subsequently dismissed on motions of the defendants. The plaintiff appealed to this court. We have not reached the merits of the case. The full court heard arguments only on the division's motion to dismiss the appeal. It is clear that the plaintiff has not properly taken his appeal in accordance with the requirements of G. L. c. 151A, § 42, and the rules of the District Courts established under the authority of that statute. In the circumstances of this case it was incumbent on the plaintiff to comply with Rule 140, pars. 1, 2 of the Dist. Mun. Cts. R. Civ. P. (1975), concerning the establishment of a report from a judge of the District Court in a review proceeding under c. 151A, § 42. He complied with neither part of the rule, and it is clear that no serious effort was made to comply with the rules.

*Appeal dismissed.*

*Herman Murphy,* pro se, submitted a brief.

*Frank J. Scharaffa,* Assistant Attorney General (*Mildred M. Koval* with him) for the defendants.

GEORGE G. LORANTOS *vs.* BOARD OF ASSESSORS OF MEDFIELD (and three companion cases between the same parties). March 31, 1977. In *Assessors of Saugus* v. *Baumann,* 370 Mass. 36 (1976), we held that the Appellate Tax Board has no jurisdiction of hardship abatement cases arising under G. L. c. 59, § 5, Eighteenth, as amended through St. 1965, c. 620, § 2, which exempts from property taxation "[a]ny portion of the estates of persons who by reason of age, infirmity and poverty are in the judgment of the assessors unable to contribute fully toward the public charges." We indicated that in case of error of law or abuse of discretion on the part of the assessors, the remedy lay in an action in the nature of certiorari. G. L. c. 249, § 4. The present cases (for several tax periods) are in substance the same as the *Baumann* case, and here, as there, the Appellate Tax Board erroneously assumed jurisdiction of the taxpayer's appeals from the actions of the assessors. On the assessors' appeals to this court, the present taxpayer, as appellee, urges us to reconsider and overrule the *Baumann* case. We have reconsidered the case and decline to overrule it. Accordingly, the decisions of the Appellate Tax Board are reversed, and the cases are remanded to the board where the taxpayer's appeals from the actions of the assessors are to be dismissed.

*So ordered.*

*Harvey Weiner* for the Board of Assessors of Medfield.

*Edward S. Gerber* for the taxpayer.