ELENA M. PALLADINO *vs.* BOARD OF ASSESSORS OF
BRAINTREE.

Suffolk.    October 5, 1977. — November 16, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Taxation,* Real estate tax: exemption, abatement; Appellate Tax Board.
*Appellate Tax Board,* Jurisdiction, Formal procedure, Informal pro-
cedure, Appeal.

A determination of whether a hardship exemption from real estate
taxes under G. L. c. 59, § 5, Eighteenth, is warranted is a matter
within the discretion of the local board of assessors, and is not open
to review by the Appellate Tax Board. [667-668]
A taxpayer who appealed to the Appellate Tax Board under the in-
formal procedure of G. L. c. 58A, § 7A, from the denial of her ap-
plication for abatement of real estate taxes was not entitled to ap-
peal the tax board's decision to this court where her challenge did
not present a question of law raised by the pleadings, and where
there was no statement of agreed facts or a report of findings by the
tax board. [668]
A taxpayer who signed and filed a waiver of appeal with the Appellate
Tax Board in order to meet the requirements for electing the infor-
mal procedure under the provisions of G. L. c. 58A, § 7A, but wrote
on the bottom of the waiver form, "I still wish the right to appeal
if necessary" thereby elected the "formal procedure," and her failure
to request that the tax board make findings of fact constituted a
waiver of her right to appeal to this court on the question whether
the tax board's finding was warranted by the evidence. [668-669]

APPEAL from a decision of the Appellate Tax Board.
*Elena M. Palladino,* pro se.
*Dace J. Moore* for the Board of Assessors of Braintree.

QUIRICO, J.    This is an appeal by Elena M. Palladino
(taxpayer) from a decision of the Appellate Tax Board
(tax board) denying her petition for an abatement of real
estate taxes.

The facts, as alleged in the taxpayer's brief and con-
tained in the record, are as follows. In 1962 or 1963, the

taxpayer, a widow since 1944, purchased a house and lot in Braintree which were then assessed at $6,900. Since that time the tax rate has increased steadily and her tax bills have risen correspondingly. Recently the burden became substantially heavier when her property was reassessed from the original $6,900 figure to $36,000.[1] She claims that she can no longer continue to pay the taxes.

Because of this inability she filed an application with the board of assessors of Braintree (assessors) for an abatement of her fiscal year 1976 real property tax. G. L. c. 59, § 59. The application was denied. She then filed with the assessors an application for a "hardship" exemption under G. L. c. 59, § 5, Eighteenth, alleging that she was unable to contribute toward the public charges by reason of her financial condition. This application, too, was denied.

The taxpayer claimed an appeal to the tax board. It is not clear, however, either from the record or from the taxpayer's brief, which decision of the assessors is being appealed.[2] The statement which she submitted in filing her appeal expressly referred to G. L. c. 59, § 5, Eighteenth, the hardship exemption. The arguments in her brief also appear to be in support of a hardship claim.[3] In another section of the written statement submitted to the tax board, however, reference is made to dates of filing and denial that correspond not to the exemption application, but to the application for an abatement.[4] We need not

---

[1] The tax bill for the fiscal year 1975-1976, reproduced in the record, indicates that the Palladino property was assessed at $36,000. In her brief, the taxpayer asserts that it was reassessed at $37,000.

[2] From the record it appears that the taxpayer had the assistance of counsel in the preparation of her appeal to the tax board, but that counsel withdrew before the tax board hearing. The appeal to this court is pro se. As a result, neither the brief nor the record clearly defines the issues in the case.

[3] The brief consists solely of a narrative describing the history of the taxation of her real estate and the state of her financial affairs. There does not appear to be any argument that the property is assessed above its fair market value. See G. L. c. 59, § 59.

[4] The written statement filed by the taxpayer with the tax board states: "On October 28, 1975, the appellant applied in writing to the

decide which is the proper interpretation of the appeal. Neither alternative presents grounds for relief, and we will discuss both.

We have recently held that the determination of whether a hardship exemption under G. L. c. 59, § 5, Eighteenth, is warranted is a matter within the discretion of the local boards of assessors, and is not open to review by the tax board. *Assessors of Saugus* v. *Baumann,* 370 Mass. 36, 37 (1976). The jurisdiction of the tax board is limited to what has been expressly granted to it by the Legislature. *Id.* General Laws c. 58A, § 6, grants the tax board authority to decide appeals from the denial of the specific exemptions found in cls. Seventeenth and Twenty-second of G. L. c. 59, § 5, but not from the denial of an exemption under cl. Eighteenth. Nor is the authority to review a denial of an exemption under cl. Eighteenth granted by any other statute. "A hardship abatement under cl. Eighteenth is a matter in the discretion of the assessors." *Assessors of Saugus* v. *Baumann, supra* at 37. To the extent, then, that the taxpayer's petition to the tax board is treated as an appeal of the denial of the exemption under cl. Eighteenth, it was properly denied.[5] The remedy for an error of law or abuse of discretion by the assessors lies in an action in the nature of certiorari. *Id.*

Nor can the taxpayer prevail if her appeal is treated as a challenge to the denial by the assessors of her application for abatement. By statute (G. L. c. 59, § 65) the tax board has been granted jurisdiction to hear such appeals under either of two methods of procedure. The "formal procedure," as the name implies, requires the use of prescribed rules of pleading, practice, and evidence. See Rule

---

appellee ... for an exemption under G.L., C.59, § 5, clause 18 ...; and on January 19, 1976, received written notice from the appellee of its decision refusing to grant such exemption." October 28, 1975, was the date that the abatement application was filed, and January 19, 1976, the date that it was denied. The application for the hardship exemption pursuant to G. L. c. 59, § 5, Eighteenth, was not filed until February 5, 1976. It was denied the next day.

[5] A motion to dismiss the appeal was filed with the tax board by the assessors. It was denied.

37 of the Rules of Practice and Procedure of the Appellate Tax Board (1974).[6] The "informal procedure" eliminates the requirement that these rules be followed, and substitutes a more flexible process intended to expedite appeals and reduce the expense to litigants. G. L. c. 58A, § 7A. Appellate Tax Board Rule 37. *Leen* v. *Assessors of Boston,* 345 Mass. 494, 498 (1963). Those litigants who choose the increased flexibility afforded by the informal procedure thereby waive the right to appeal the tax board's decision to this court "except upon questions of law raised by the pleadings or by an agreed statement of facts or shown by the report of the board." G. L. c. 58A, § 7A. Review of the tax board's decision is thus severely limited. *Assessors of Saugus* v. *Leo,* 363 Mass. 47, 50 (1973).

The taxpayer in this case elected the informal procedure by filing a waiver of appeal and a written statement as required by statute. G. L. c. 58A, § 7A. Her present challenge seems to rest on the ground that the determination of the tax board is against the weight of the evidence.[7] This is not a question of law raised by the pleadings, nor is there here a statement of agreed facts or a report of findings by the tax board. There is therefore nothing for this court to review, and the tax board's decision must be affirmed. *Assessors of Saugus* v. *Leo, supra* at 50.

One further question remains. Although the taxpayer signed and filed a waiver of appeal in order to meet the requirements for electing the informal procedure, someone, apparently she, wrote on the bottom of that form, "I still wish the right to appeal if necessary." It could be argued that the addition of this sentence negates the waiver.[8] However, even if we were to assume that this added language had such effect, the result would be the same. Without the waiver the "formal procedure" would be in effect.

---

[6] Appellate Tax Board Rule 37 states that the practice and procedure of a formal proceeding "shall conform to that prevailing in equity causes in the courts of the Commonwealth."

[7] See note 3, *supra.*

[8] The taxpayer, appearing pro se, has not made such an argument.

Under that procedure the taxpayer, having made no request that the tax board make findings of fact, would be deemed to have waived her right to an appeal to this court on questions "as to whether a finding was warranted by the evidence." G. L. c. 58A, § 13. *Assessors of Lynn* v. *Zayre Corp.*, 364 Mass. 335, 338 (1973). Since this is the issue the taxpayer attempts to present here, her appeal must be dismissed.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*