ROBERT E. BURBRIDGE *vs*. BOARD OF ASSESSORS
OF LEXINGTON.

Middlesex.    October 16, 1980. — March 10, 1981.

Present: GREANEY, ROSE, & PERRETTA, JJ.

*Limitations, Statute of.    Taxation*, Real estate tax:  hardship exemption.

A taxpayer's failure to bring an action in the nature of certiorari within
    the two-year limitations period set forth in G. L. c. 249, § 4, barred
    his claim that a board of assessors had abused its discretion in denying
    his applications for a hardship exemption under G. L. c. 59, § 5,
    Eighteenth; there was no merit to the taxpayer's contentions that the
    board's failure to provide adequate procedural due process postponed
    the conclusive fixing of the tax or that the board was estopped from
    raising the statute of limitations because it had not informed him of his
    right to bring such an action.  [548-550]
A town's board of assessors did not abuse its discretion in denying in two
    successive years a taxpayer's applications for a hardship exemption
    under G. L. c. 59, § 5, Eighteenth, on the basis of the assets set forth
    on the face of the applications.  [550]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on November 28, 1978.

Upon transfer to the Superior Court, the case was heard
by *Ronan, J.*, on motion for summary judgment.

*William S. Day* for the plaintiff.

*James M. Whalen* for the defendant.

ROSE, J.  The plaintiff appeals from the judgment of the
Superior Court allowing the board's motion for summary
judgment and dismissing this action in the nature of cer-
tiorari which was brought in the Supreme Judicial Court
and subsequently transferred to the Superior Court for
disposition.  The plaintiff alleges that the board's motion
for summary judgment was erroneously allowed because
the board abused its discretion in denying his applications

for a hardship exemption under G. L. c. 59, § 5, Eighteenth, for the years 1970, 1971, 1974,[1] 1977 and 1978.

Clause Eighteenth of G. L. c. 59, § 5, provides for real estate tax exemptions for "[a]ny portion of the estates of persons who by reason of age, infirmity and poverty are in the judgment of the assessors unable to contribute fully toward the public charges." Relying on this provision, the plaintiff applied to the board in 1970, 1971, 1977, and 1978 for exemptions from the tax assessed on his property in the town of Lexington. The board notified the plaintiff orally of its decision to deny each of his applications for 1970 and 1971. On his 1977 application, the plaintiff listed income for 1976 of $13,367.03, accounts in various banks totalling $19,545, equity in the Lexington property of $11,490, and $1,800 in various other assets. Upon receiving the plaintiff's 1977 application, William Potter, a member of the board, following the normal board procedure for investigating hardship applications, met with the plaintiff at his home to discuss his financial condition. At the next full board meeting, after considering Potter's report and the information the plaintiff provided on his application, the board determined that the plaintiff had failed to establish that he was unable to contribute toward the public charges. The plaintiff was notified in writing of the board's decision to deny his application and of his right to appeal the decision by bringing an action in the nature of certiorari. See *Assessors of Saugus* v. *Baumann*, 370 Mass. 36 (1976); *Palladino* v. *Assessors of Braintree*, 373 Mass. 665, 667 (1977). On his 1978 application, the plaintiff listed income for 1977 of $6,346.40, assets totalling $31,784, including property in Chatham valued at $28,000. Relying on the information provided by the application alone, the board determined that because the plaintiff possessed substantial assets, he had failed again to demonstrate that

---

[1] The board maintains that the 1974 application was never properly filed. As the issue does not affect our disposition, we need not resolve it. For purposes of our discussion, we address only those applications filed in 1970, 1971, 1977, and 1978.

he was unable to contribute toward the public charges. Following the denial of his 1978 application, the plaintiff filed the instant action.

1. *Statute of limitations.* The defendant argues that with respect to the 1970 and 1971 applications, the plaintiff has failed to state a claim upon which relief can be granted by reason of the two-year statute of limitations governing actions in the nature of certiorari. See G. L. c. 249, § 4. The plaintiff filed his complaint on November 28, 1978, well beyond the two-year limit on claims arising out of the denial of the 1970 and 1971 applications.[2]

To avoid dismissal, the plaintiff argues that because there was no mechanism, after the assessment and collection of the tax, through which he could present evidence that he was unable to contribute toward the public charges within the meaning of G. L. c. 59, § 5, he was deprived of his due process rights. This being so, the plaintiff, citing *Napier* v. *Springfield,* 304 Mass. 174, 177 (1939), for the notion that a tax is not conclusively fixed until the taxpayer has been afforded an adequate hearing on the propriety of the assessment, argues that the tax on his Lexington property was never conclusively fixed, and, therefore that the statute of limitations never commenced to run. The argument fails because, although a taxpayer's objection to the validity of a tax or to the manner of its assessment operates to postpone the conclusive fixing of the tax until the taxpayer has been afforded a forum for his objections, it does not follow that a taxpayer's objection to the collection of an admittedly valid tax assessment operates to postpone the fixing of a tax. See *Napier* v. *Springfield, supra* at 177. In any event, the plaintiff had a statutorily granted right to an adequate hearing regarding the merits of the board's denial of the 1970 and 1971 applications. He could have brought the present action within the statutory time limit and there complained

---

[2] If the plaintiff did file an application in 1974, the plaintiff's claim that it was improperly denied would also be time barred. See note 1, *supra.*

that he had not been afforded adequate procedural due process.[3]  See *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare,* 368 Mass. 15, 28-30, cert. denied, 423 U.S. 929 (1975).  See also *Fairbairn* v. *Planning Bd. of Barnstable,* 5 Mass. App. Ct. 171, 180 (1977).  It has long been settled that the Commonwealth must afford the taxpayer an opportunity to challenge the adequacy of procedural due process and to be heard on the propriety of the board's adverse determination following the assessment and collection of a tax (see *Old Colony R.R.* v. *Assessors of Boston,* 309 Mass. 439 [1941]; *Canron, Inc.* v. *Assessors of Everett,* 366 Mass. 634, 638 [1975]; *Palladino* v. *Assessors of Braintree,* 373 Mass. 665, 667 [1977]).  Nevertheless, it may condition recourse to those opportunities on compliance with such procedural matters as the statute of limitations.  See *Old Colony R.R.* v. *Assessors of Boston,* 309 Mass. 439, 443-444 (1941).  Having failed to bring the suit with respect to the 1970 and 1971 applications within the two-year period, the plaintiff cannot now do so.  See *Rice* v. *Board of Appeals of Dennis,* 342 Mass. 499, 502 (1961).

In the alternative, the plaintiff argues that because the board did not inform him of his right to bring an action in the nature of certiorari following its adverse determinations of his 1970 and 1971 applications, it fraudulently concealed his cause of action within the meaning of G. L. c. 260, § 12, and is therefore estopped from setting up the statute of limitations as a defense.  In the absence of a fiduciary relationship, however, mere silence is not a fraudulent concealment.  There must be something in the nature of positive acts of concealment with an intent to deceive.  *Stetson* v. *French,* 321 Mass. 195, 198 (1947).  *Friedman* v. *Jablonski,* 371 Mass. 482, 485 n.3 (1976).  Compare *Sanguinetti* v. *Nantucket Constr. Co.,* 5 Mass. App. Ct. 227, 237-238 (1977).  Furthermore, the estoppel provision of G. L. c. 260, § 12, is generally not available where the plaintiff is

---

[3] The appropriate action would have been to petition for the now abolished writ of certiorari.  The writ was abolished by Mass.R.Civ.P. Rule 81 and replaced by an action in the nature of certiorari, as provided by G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289.

capable of discovering the facts allegedly concealed. See *Walker* v. *Soule*, 138 Mass. 570, 572 (1885); *Lynch* v. *Signal Fin. Co.*, 367 Mass. 503, 507-508 (1975).

We hold, therefore, that the plaintiff's complaint with respect to the denial of his applications for the years 1970 and 1971 is barred by the statute of limitations.

2. *Abuse of discretion.* The plaintiff argues that the denial of his 1977 and 1978 hardship exemption applications, based on the evidence before the board, amounted to an abuse of discretion. In an action in the nature of certiorari, our role is to test the sufficiency of the evidence to warrant the board's finding that the plaintiff was able to contribute toward the public charges and to correct errors of law. *Tracht* v. *County Commrs. of Worcester*, 318 Mass. 681, 686 (1945). *Kelloway* v. *Board of Appeals of Melrose*, 361 Mass. 249, 257 (1972). *Fairbairn* v. *Planning Bd. of Barnstable*, 5 Mass. App. Ct. 171, 181 (1977). The decision whether to grant a hardship exemption is within the discretion of the board (see *Assessors of Saugus* v. *Baumann*, 370 Mass. 36 [1976]; *DeCenzo* v. *Assessors of Framingham*, 372 Mass. 523 [1977]; *Palladino* v. *Assessors of Braintree*, 373 Mass. 665 [1977]), and may be disturbed only if it is based on a "legally untenable ground" or is "unreasonable, whimsical, capricious, or arbitrary." *Gulf Oil Co.* v. *Board of Appeals of Framingham*, 355 Mass. 275, 277 (1969). The burden is on the person challenging the decision to make such a showing. *Bennett* v. *Board of Aldermen of Chelsea*, 361 Mass. 802, 807 (1972). We cannot say on this record that the board abused its discretion when it found that, by reason of the substantial assets set forth on the face of Burbridge's 1977 and 1978 applications, he had failed to establish that he was unable to contribute toward the public charges.[4]

*Judgment affirmed.*

---

[4] Burbridge argues that in assessing his ability to pay the tax the board should not consider the equity in the property to be taxed. We need not decide this question because the evidence before the board concerning Burbridge's assets other than the equity in the Lexington property would itself support the board's conclusion.