Walter G. WISE, Plaintiff, Appellant,

v.

Leo James HUBBARD, Precision Handling Devices, Inc., and Precision Handling Devices of Puerto Rico, Defendants, Appellees.

No. 85–1030.

United States Court of Appeals,
First Circuit.

Argued June 6, 1985.
Decided July 29, 1985.

Steven M. Bauer, Boston, Mass., with whom Paul J. Hayes, Victor B. Lebovici and Weingarten, Schurgin, Gagnebin &

Hayes, Boston, Mass., were on brief, for plaintiff, appellant.

Thomas J. Sartory, Boston, Mass., with whom William A. Horne and Goulston & Storrs, P.C., Boston, Mass., were on brief, for defendants, appellees.

Before BOWNES, RUBIN * and TOR-RUELLA, Circuit Judges.

BOWNES, Circuit Judge.

The sole issue before us is whether the district court erred in finding the complaint time-barred.

Plaintiff-appellant Walter G. Wise filed a complaint on May 11, 1984, against defend-ants-appellees Leo James Hubbard, Precision Handling Devices, Inc., and Precision Handling Devices of Puerto Rico. The complaint alleged conversion by the defend-ants of tractor feed mechanisms for com-puter printers that had been designed, de-veloped and built by Wise. The salient time allegations of the complaint are: that during 1972, Wise forwarded models and drawings of the mechanisms to Hubbard; that on February 20, 1973, Hubbard filed a patent application for the mechanisms nam-ing himself as sole inventor; that on July 23, 1974, a patent was issued to Hubbard and subsequently assigned to the two de-fendant corporations; and that the filing of the patent application was fraudulently concealed from Wise by the defendants un-til mid-1982.

Defendants moved to dismiss under Fed-eral Rule of Civil Procedure 12(b)(6) for failure to state a claim. Because the stat-ute of limitations issue had been fully briefed and argued by the parties and be-cause there were no material disputed is-sues of fact, the district court treated the motion to dismiss as one for summary judgment under Federal Rule of Civil Pro-cedure 12(c). It ruled that the issuance of a patent and its recordation in the Patent Office was notice to the world of its exist-ence and held that the three-year Massa-chusetts statute of limitations, Mass.Gen. Laws Ann. ch. 260, § 2A (1985), which the

parties agreed was controlling, started to run on July 23, 1974, when the patent was issued and recorded. Judgment was grant-ed to defendants.

On appeal, plaintiff argues to us, as he did to the district court, that the statute of limitations was tolled until he discovered the existence of the patent in 1982. Two tolling reasons are advanced: that the ex-istence of the patent was "inherently un-knowable"; and/or that the defendant fraudulently concealed the existence of the patent.

I. *The Inherently Unknowable Claim*

The United States Supreme Court has consistently held that the issuance of a patent and its recordation in the Patent Office constitutes notice to the world of its existence. *Sontag Chain Stores Co. Ltd. v. National Nut Company of California,* 310 U.S. 281, 295, 60 S.Ct. 961, 967, 84 L.Ed. 1204 (1940); *Wine Railway Appli-ance Co. v. Enterprise Railway Equip-ment Co.,* 297 U.S. 387, 393, 56 S.Ct. 528, 529, 80 L.Ed. 736 (1936); *Sessions v. Ro-madka,* 145 U.S. 29, 50, 12 S.Ct. 799, 805, 36 L.Ed. 609 (1892); *Boyden v. Burke,* 14 How. (55 U.S.) 575, 582, 14 L.Ed. 548 (1852).

Plaintiff misreads *Kimberly Clark Cor-poration v. Johnson & Johnson,* 745 F.2d 1437, 1454 (Fed.Cir.1984), and lifts from context the phrase "the presumption that the inventor has knowledge of all material prior art is dead." Pointing to this pro-nouncement, he argues that, as the true inventor, he cannot be presumed to know of the recorded patent's existence. This statement was made by the Federal Circuit in explaining the standard by which to judge the obviousness of an invention un-der 35 U.S.C. § 103 (1984). It is inapplica-ble and meaningless in the context of this case.

■ Under Massachusetts law, a fact is not inherently unknowable when it is a matter discoverable by examination of pub-

---

* Of the Fifth Circuit, sitting by designation.

lic records. *White v. Peabody Construction Co., Inc.,* 386 Mass. 121, 434 N.E.2d 1015, 1021 (1982) (plaintiffs should have known that the presence of widespread leaks in a newly constructed public housing unit were the result of design or construction defects, and where the identity of the designer and the builder were matters of public record, there was nothing inherently unknowable about the cause of action); *Friedman v. Jablonski,* 371 Mass. 482, 358 N.E.2d 994, 997 (1976) (misrepresentation about a right-of-way over a paved driveway on adjacent property was not inherently unknowable because as an interest in land, its existence might appear in the registry of deeds and, if it did not, plaintiffs could inquire further); *Duco Associates, Inc. v. Lipson,* 11 Mass.App. 935, 416 N.E.2d 555 (1981) (misrepresentation of rental income is not inherently unknowable because the rents were on file with the local rent control board).

Plaintiff's protestation that a yearly pilgrimage to the Patent and Trademark Office (PTO) in Washington, D.C., would have been necessary to discover the existence of the patent is appealing but inaccurate. Since January 1872, the PTO has published the Official Gazette weekly which contains an abstract and one drawing from every patent issued that week. It also includes indexes of patent and patentees. Furthermore, the Index of Patents is also published by the PTO and is the annual index to the Official Gazette. It consists of two volumes, an index of patentees, and an index of patents, arranged more or less by category. Over 400 public and university libraries across the country receive these publications. Additionally, there are over twenty-five patent depositories serving metropolitan areas that have copies of patents on file that are open for public examination and copies of patents may be obtained from the PTO on payment of a fee. M. Grosswirth, *How to Patent and Market Your Own Invention* 29 (1978).

■ We agree with the district court that the conversion alleged became know-

able when the patent was issued and recorded in July of 1974.

## II. *Fraudulent Concealment*

Mass.Gen.Laws Ann. ch. 260, § 12 (1959) provides:

> If a person liable to a personal action fraudulently conceals the cause of action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled to bring it shall be excluded in determining the time limited for the commencement of the action.

Plaintiff alleges the defendants fraudulently concealed their conversion of his mechanisms by applying for a patent in the name of Hubbard and then remaining silent in the face of a statute which required disclosure to him of Hubbard's patent application.

■ The statute which plaintiff contends required disclosure to him provides in pertinent part: "The applicant shall make oath that he believes himself to be the original and first inventor of the [subject matter of the application]...." 35 U.S.C. § 115 (1984). This statute creates no duty between the patent applicant and the purported inventor. Instead, because the Patent and Trademark Office's interest is in rewarding the true inventor with the issuance of a letter patent, the sole duty created is between the applicant and the Office. Breach of this duty results in the patent being "unauthorized by law and void...." *Kennedy v. Hazelton,* 128 U.S. 667, 672, 9 S.Ct. 202, 203, 32 L.Ed. 576 (1888).

An argument similar to that of plaintiff was rejected by the Massachusetts Supreme Judicial Court in *Lynch v. Signal Finance Co. of Quincy,* 367 Mass. 503, 507–08, 327 N.E.2d 732, 735 (1975).

[Plaintiffs] recognize "that ordinarily mere silence is not a fraudulent concealment and that there must be something in the nature of positive acts with intent to deceive." *Stetson v. French,* 321 Mass. 195, 198, 72 N.E.2d 410, 412 (1947) and cases cited. But they say mere fail-

ure to reveal may be fraudulent where there is a duty to reveal, and breach of a statutory duty imposed by the Truth-in-Lending Act should be given the same effect as breach of fiduciary duty....

We reject this contention. No fiduciary relation is shown, and no positive acts of concealment. What must be fraudulently concealed is "the cause of such action," in this case the failure, at the time the loan was made to make the disclosure required by the Truth-in-Lending Act. *Wachtel v. West,* 476 F.2d 1062, 1065–66 (6th Cir.1973), *cert. denied,* 414 U.S. 874 [94 S.Ct. 161, 38 L.Ed.2d 114] (1973); *Stevens v. Rock Springs National Bank,* 497 F.2d 307, 310 (10th Cir. 1974).

■ We do not see how the act constituting the conversion, *i.e.,* applying for the patent in Hubbard's name, can also be a positive act of concealment. If plaintiff had inquired of Hubbard what he had done with the models and drawings of the tractor feed mechanisms given him by plaintiff and Hubbard had said "nothing," or words to that effect, this might have constituted a positive act of concealment. But there was no inquiry. Nor was there any kind of a fiduciary relationship between Wise and Hubbard that might have required disclosure without an inquiry. "Furthermore, the estoppel provision of Mass.Gen.Laws Ann. ch. 260 § 12 is generally not available where the plaintiff is capable of discovering the facts allegedly concealed." *Burbridge v. Board of Assessment of Lexington,* 11 Mass.App. 546, 549–50, 417 N.E.2d 477, 480 (1981). And we have already noted that the issuance and recordation of a patent is notice to the world of its existence.

We do not know whether defendants wrongfully converted plaintiff's models and drawings, but we do know that this action, brought more than eleven years after the alleged conversion took place, is time-barred for the reasons stated.

*Affirmed.*