BOARD OF ASSESSORS OF WORTHINGTON *vs.*
COMMISSIONERS OF HAMPSHIRE COUNTY & another.[1]

Hampshire. October 4, 1993. - November 10, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Taxation*, Real estate tax: hardship exemption; Assessors. *Practice, Civil*,
Relief in the nature of certiorari.

This court concluded that the exclusive remedy for a taxpayer claiming to
be aggrieved by the refusal of a local board of assessors to grant a so-
called "hardship exemption" under G. L. c. 59, § 5, Eighteenth, is by
way of an action in the nature of certiorari under G. L. c. 249, § 4;
accordingly, a Superior Court judge, in an action by a board of asses-
sors seeking declaratory relief, correctly concluded that the commis-
sioners of a certain county lacked jurisdiction under G. L. c. 59, § 64,
to entertain a taxpayer's appeal of the assessors' refusal to grant her
application for an exemption under G. L. c. 59, § 5, Eighteenth. [406-
408]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 9, 1991.

The case was heard by *John F. Moriarty*, J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Catherine M. Kay* for the intervener.

*Charles S. Belsky* for the plaintiff.

*Charles M. Maguire*, for the defendants, joined in a brief.

GREANEY, J. Under G. L. c. 59, § 5, Eighteenth (1992
ed.), the following property is exempted from taxation: "Any
portion of the estates of persons who by reason of age, infir-
mity and poverty . . . are in the judgment of the assessors
unable to contribute fully toward the public charges." Pris-

[1]Priscilla King, intervener.

416 Mass. 404                                                405

Board of Assessors of Worthington *v.* Commissioners of Hampshire County.

cilla King (taxpayer), applied for the exemption for property owned by her in Worthington, and the plaintiff, the board of assessors (assessors) of Worthington, denied the application. The taxpayer then appealed to the defendant, the commissioners of Hampshire County (commissioners), pursuant to G. L. c. 59, § 64 (1992 ed.).[2] The commissioners voted to grant the taxpayer a full exemption for the applicable tax year.

The assessors filed an action in the Superior Court, seeking, among other relief, a declaratory judgment pursuant to G. L. c. 231A (1992 ed.), that the commissioners did not have jurisdiction under G. L. c. 59, § 64, to act on the taxpayer's appeal from the assessors' decision to deny her application for the exemption. A judge in the Superior Court granted the assessors' motion for summary judgment, Mass. R. Civ. P. 56 (a), 365 Mass. 824 (1974), concluding, on the record before him, which established all the material facts, that the commissioners lacked jurisdiction to entertain the taxpayer's appeal. Judgment entered so declaring and dis-

---

[2]The first paragraph of G. L. c. 59, § 64, provides, in relevant part, as follows:

"A person aggrieved by the refusal of assessors to abate . . . a tax on a parcel of real estate, may . . . appeal therefrom by filing a complaint with the clerk of the county commissioners . . . for the county where the property taxed lies, and if on hearing the board finds that the property has been overrated and that the complainant has complied with all applicable provisions of law, it shall make a reasonable abatement and an order as to cost . . . ."

The second paragraph of § 64 provides, in relevant part, as follows:

"Upon the filing of a complaint under this section the clerk of the county commissioners . . . shall forthwith transmit a certified copy of such complaint to the assessors and the assessors or the city solicitor or town counsel may within thirty days after receipt of said copy give written notice to the said clerk and to the complainant that the town elects to have the same heard and determined by the appellate tax board. . . . Thereupon, the clerk of the county commissioners . . . shall forward the transfer fee and all papers with respect to such complaint then in the files of the county commissioners . . . to the clerk of the appellate tax board and proceedings with respect to such complaint shall thenceforth be continued as provided in chapter fifty-eight A . . . ."

missing the taxpayer's appeal. The commissioners and the taxpayer appealed. We transferred the case from the Appeals Court on our own motion and now affirm the judgment.

We conclude that the exclusive remedy for a taxpayer claiming to be aggrieved by the refusal of a local board of assessors to grant a so-called "hardship exemption" under G. L. c. 59, § 5, Eighteenth, is by way of an action in the nature of certiorari under G. L. c. 249, § 4 (1992 ed.). We arrive at this conclusion after consideration of case law which suggests that this is the remedy, the language of G. L. c. 59, § 64, and the nature of the exemption and the standard of review governing its application.

First, decisions of this court and the Appeals Court have indicated that an action in the nature of certiorari is the appropriate remedy. In *Assessors of Saugus* v. *Baumann*, 370 Mass. 36 (1976), this court held that the Appellate Tax Board (board) did not have jurisdiction to decide an appeal by taxpayers who had been denied an exemption under cl. Eighteenth by local assessors. The court pointed out that the exemptions in cls. Seventeenth and Twenty-second of § 5, as well as the exemption in cl. Eighteenth, were all based on hardship, but that only the latter exemption presented a matter of discretion for the assessors. *Id.* at 36-37. The court noted that, perhaps for this reason, the board had been granted express jurisdiction by its governing statute, G. L. c. 58A, § 6, to hear appeals from denials of exemptions under cls. Seventeenth and Twenty-second. *Id.* at 37. The court went on to hold that the absence of any reference in G. L. 58A, § 6, to cl. Eighteenth deprived the board of jurisdiction to decide an appeal under that clause and left the taxpayer with the sole remedy of an action in the nature of certiorari under G. L. c. 249, § 4. *Id.* It is well settled that "resort may not be had to certiorari if another adequate remedy is available." *MacDonald* v. *Board of Health of Braintree*, 347 Mass. 76, 77 (1964).

In *Palladino* v. *Assessors of Braintree*, 373 Mass. 665 (1977), this court reviewed the *Baumann* decision and held again that a hardship exemption under cl. Eighteenth

presents a matter within the discretion of the assessors, that the board lacks jurisdiction under G. L. c. 58A, § 6, to decide an appeal brought by a taxpayer claiming to be aggrieved by a decision of the assessors denying an exemption under cl. Eighteenth, and that the remedy for a claimed error of law or abuse of discretion in the refusal of the assessors to grant a cl. Eighteenth application lies in an action in the nature of certiorari. *Id.* at 667.

Similarly, in two decisions, the Appeals Court has considered actions in the nature of certiorari as the appropriate remedy for testing the propriety of a refusal by assessors to grant a hardship exemption under cl. Eighteenth. See *Guzman* v. *Assessors of Oxford,* 24 Mass. App. Ct. 118, 121 (1987) ("Review of denials of applications for hardship abatements under cl. Eighteenth proceeds by way of a complaint in the nature of certiorari under G. L. c. 249, § 4; it may not lodge in the Appellate Tax Board"); *Burbridge* v. *Assessors of Lexington,* 11 Mass. App. Ct. 546 (1981).

While none of these decisions specifically dealt with appeals by aggrieved taxpayers to county commissioners under G. L. c. 59, § 64, the absence in the decisions of any reference to a possible right of the taxpayers to proceed before the county commissioners, and the reference to an action in the nature of certiorari as the remedy, points to the conclusion that certiorari is to be used to test the propriety of the assessors' decision on an application under cl. Eighteenth.

Second, the standard governing review of assessors' actions on a cl. Eighteenth application indicates that certiorari is the appropriate remedy. The decision whether to grant a hardship exemption under cl. Eighteenth "is a matter in the discretion of the assessors." *Assessors of Saugus* v. *Baumann, supra* at 37. The assessors' decision "may be disturbed only if it is based on a 'legally untenable ground' or is 'unreasonable, whimsical, capricious, or arbitrary.' " *Burbridge* v. *Assessors of Lexington, supra* at 550, quoting *Gulf Oil Co.* v. *Board of Appeals of Framingham,* 355 Mass. 275, 277 (1969). A determination as to whether an administrative board such as the assessors has abused its discretion is usu-

ally not reposed in another administrative agency or board such as the commissioners or the Appellate Tax Board. Such a determination is usually the function of a court. Directing that the appeal of a refusal of assessors to grant an exemption under cl. Eighteenth be heard in a judicial forum through an action in the nature of certiorari is more consonant with the nature of the exemption and the standard of review governing its application.

Third, the second paragraph of § 64 permits the assessors, if they choose, to transfer a § 64 appeal from the commissioners to the board. See note 2, *supra.* The decisions previously discussed, however, hold that the Legislature did not grant to the board jurisdiction to entertain an appeal under cl. Eighteenth. The second paragraph of § 64, therefore, becomes an anomaly if it can be used to permit the board to decide an appeal under cl. Eighteenth. The second paragraph of § 64, which by its terms applies to all appeals brought before the commissioners, appears to reflect a legislative determination that the jurisdiction of the board under G. L. c. 58A, § 6, and the jurisdiction of the commissioners under G. L. c. 59, § 64, as to cl. Eighteenth appeals, are essentially coextensive.

For the foregoing reasons, the judge was correct in concluding that the commissioners lacked jurisdiction under G. L. c. 59, § 64, to entertain the taxpayer's appeal of the assessors' refusal to grant her application for an exemption under G. L. c. 59, § 5, Eighteenth.[3]

*Judgment affirmed.*

---

[3]The word "overrated" in G. L. c. 59, § 64, see note 2, *supra*, may not necessarily restrict the commissioners' jurisdiction to questions of property valuation. The word "over-rated" appeared in the original grant of jurisdiction to the commissioners. Rev. St. (1836), c. 7, § 39. Older decisions appear to recognize that, where the exemption is total, county commissioners have jurisdiction to hear appeals from a board of assessors' denial of an abatement application based on certain statutory exemptions. See *Milford v. County Comm'rs of Worcester*, 213 Mass. 162 (1912) (county commissioners abated tax on grounds that corporation was charitable and statutorily exempt from taxation); *Williston Seminary v. County Comm'rs of Hampshire*, 147 Mass. 427 (1888) (county commissioners wrongfully declined to abate tax on statutorily exempt charitable corporation).