FILED

NOT FOR PUBLICATION

NOV 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD MASTERS, | No. 09-17428 |
| Plaintiff - Appellee, | D.C. No. 5:07-cv-03792-JW |
| v. | |
| BOSTON SCIENTIFIC CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted November 2, 2010
San Francisco, California

Before: THOMAS and IKUTA, Circuit Judges, and RESTANI, Judge.[**]

Boston Scientific Corporation ("Boston Scientific") appeals a district court

judgment awarding $279,500 in damages to Donald Masters. We reverse because

Masters' action is barred by Massachusetts's six-year statute of limitations for

breach of contract actions. *See* Mass. Gen. Laws ch. 260 § 2.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jane A. Restani, Judge of the United States Court of
International Trade, sitting by designation.

The district court properly concluded that Masters' injury occurred on January 12, 2001, when he left employment with Boston Scientific and, pursuant to the relevant options agreements between the parties (the "2000 Agreements"), his options lapsed immediately. In Massachusetts, "[t]he general rule is that a contract action accrues at the time the contract is breached." *Berkshire Mut. Ins. Co. v. Burbank*, 422 Mass. 659, 661 (1996). Masters filed the present action in California state court on May 2, 2007, more than six years later. Thus, his action is time-barred unless the statute of limitations was tolled. Under Massachusetts law, there are three tolling doctrines potentially relevant here: the discovery rule, the fraudulent concealment doctrine, and equitable estoppel. None of the doctrines applies here.

First, the discovery rule provides that if an action "is based on an 'inherently unknowable' wrong, it does not accrue until the injured party knows or in the exercise of reasonable diligence should know the factual basis for the cause of action." *Puritan Med. Ctr., Inc. v. Cashman*, 413 Mass. 167, 175 (1992). However, "[u]nder Massachusetts law, a fact is not inherently unknowable when it is a matter discoverable by examination of public records." *Wise v. Hubbard*, 769 F.2d 1, 2-3 (1st Cir. 1985) (citing, *inter alia*, *White v. Peabody Const. Co., Inc.*, 386 Mass. 121, 130-31 (1982)). Boston Scientific's 2000 Long-Term Incentive

Plan (the "2000 Plan"), which contained the "rule of 62" definition that Masters claims deems his 2001 termination a "retirement," was filed with the Securities and Exchange Commission and was available on the SEC's website. Because the 2000 Plan was "discoverable by examination of public records," under Massachusetts law, the discovery rule does not apply to extend the statute of limitations to encompass Masters' suit. *Wise*, 769 F.2d at 2-3.

Second, the fraudulent concealment doctrine, *see* Mass. Gen. Laws ch. 260 § 12, also does not toll the statute. Masters signed the 2000 Agreements, which incorporated the 2000 Plan by reference. He is therefore charged with constructive knowledge of the 2000 Plan. *See Kuwaiti Danish Computer Co. v. Digital Equip. Corp.*, 438 Mass. 459, 465 (2003). Because a "'cause of action is not concealed from one who has knowledge of the facts that create it,'" *White*, 386 Mass. at 133 (quoting *Stetson v. French*, 321 Mass. 195, 198 (1947)), the fraudulent concealment doctrine does not apply.

Finally, equitable estoppel is also inapplicable. "Under equitable estoppel, a plaintiff can escape the consequences of his lack of diligence in bringing his action . . . by way of proof that the defendants lulled the plaintiff into the delay." *Kozikowski v. Toll Bros., Inc.*, 354 F.3d 16, 24 (1st Cir. 2003) (quotation omitted). "For the doctrine to apply, [Masters] must satisfy a three-part test, showing: (1)

that [Boston Scientific] made representations that it knew or should have known would induce [Masters] to postpone bringing a suit; (2) that [Masters] did in fact delay bringing a suit in reliance on those representations; and (3) that reliance on those representations was reasonable." *Id.* (citing *O'Blenes v. Zoning Bd. of Appeals of Lynn*, 397 Mass. 555, 558 (1986)). "[T]he party asserting the estoppel theory 'has a heavy burden to prove that all [three] elements are present.'" *Clickner v. City of Lowell*, 422 Mass. 539, 544 (1996) (quoting *Harrington v. Fall River Hous. Auth.*, 27 Mass. App. Ct. 301, 309 (1989)).

There is no evidence in the record that Masters delayed bringing suit in reliance on any representation by Boston Scientific. Thus, equitable estoppel does not toll the statute of limitations.

In sum, Masters' suit is time-barred, and no exceptions apply to toll the running of the limitations period. The district court was incorrect in concluding otherwise.

**REVERSED.**